Decision reversed, and claim dismissed, without costs.

In the Matter of the Claim of DOMINIC A. DE GREGO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, December 18, 1974.

*Jane E. Bloom* for appellant.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz, Murray Sylvester* and *Irving Jorrisch* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 1974, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits, effective September 18, 1973, upon the ground that he voluntarily left his employment without good cause.

Claimant, a plumber's helper, was employed by a Rhinebeck, New York concern until September 17, 1973. In the performance of his duties claimant wore a uniform furnished by the employer which bore the name of the employer plumbing concern. Approximately two days before claimant's employment was severed, he reported for work wearing on his uniform a button upon which appeared the legend, "Impeachment with Honor". On the second day that claimant wore the button, a representative of the employer asked that he discontinue wearing the button because it would likely affect the employer's relationship with the customers, in view of the political climate at the time

in the area. He was further informed that, if he did not remove the button, he would be discharged and that the employer sincerely believed that the button definitely would affect customer relationships.

Claimant refused to remove the button, contending that he had a right to wear the button and that a direction that he not wear it was a violation of his civil rights. In view of this, he maintained that his leaving can in no way be said to be a voluntary leaving and that he should be considered eligible for and entitled to unemployment insurance benefits.

The board found that the employer believed that claimant's wearing of this button could have seriously affected his concern's relationships with its customers and that therefore the employer's request to remove the button was reasonable and that claimant's refusal to comply, knowing it could mean his discharge, constituted a voluntary leaving of employment without good cause.

We do not take issue with the right of an employer to discharge an employee for reasons which in the employer's view would have an adverse effect on business. However, when, as in this case, an agency of the State steps in and denies a claimant unemployment benefits based upon that employee's exercise of his right of freedom of speech as guaranteed by the First Amendment of the Federal Constitution, we are squarely presented with an instance of State action violative of the Fourteenth Amendment (see *Shelley* v. *Kraemer,* 334 U. S. 1). The withholding of employment benefits to a claimant on the basis of an exercise of free speech would constitute the equivalent of a prohibition of expression by the State (*Sherbert* v. *Verner,* 374 U. S. 398). It cannot be seriously disputed here that the button worn by claimant was a manifestation of thought protected by the First Amendment. The fact that the thought conveyed by claimant's button was controversial is all the more reason for holding that the State cannot be permitted to take a position which would bring into play its power to withhold unemployment insurance benefits as a coercive factor. Moreover, there has been no showing that the " speech " involved here created a disturbance (cf. *Matter of Dominique* [*Catherwood*], 32 A D 2d 718), nor can claimant's wearing of the button be classified as an affirmative act within the employer's or the State's power to prohibit.

Finally, the board appears to have relied in part upon the fact that the button was worn on a uniform which bore the employer's name. On the facts of this case such a criterion is irrelevant, for it does not appear that customers with whom

claimant came into contact would not have otherwise known that he was a representative of the employer.

The decision should be reversed, with costs, and the matter remitted for further proceedings not inconsistent herewith.

HERLIHY, P. J., and STALEY, JR., J., concur with GREENBLOTT, J.; KANE and MAIN, JJ., dissent and vote to affirm.

Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith.