Wachtler, J.
This appeal involves the concept of provoked discharge as a bar to eligibility for unemployment compensation benefits. In Matter of James (Levine) (34 NY2d 491) we circumscribed its application to cases where the employer lacked a choice in firing the claimant. In any other situation the Division of Umemployment Insurance may not deny benefits on the ground that the employee provoked his discharge.
At the time the instant controversy began, the claimant had been employed as a plumber’s helper by Rhinebeck Plumbing & Heating, Inc., for over two years. Throughout this period his performance had been entirely satisfactory. Since most of his workday was spent away from Rhinebeck and on the premises of its customers, De Grego was provided with a uniform bearing his employer’s name. The record is devoid of any company policy with respect to the uniform and it appears that other employees occasionally wore emblems or buttons on their work uniform.
For two successive days prior to his discharge on September 18, 1973, De Grego wore a button containing the statement *183 "Impeachment with Honor” in obvious reference to the crisis in Washington. On the second day claimant was approached by the president of the company who advised him that he could not wear the button if he wished to keep his job. Although no complaints or response had been received from customers, the employer felt that this button could affect Rhinebeck’s relationship with its clientele. De Grego refused to remove the button claiming that he was entitled to express a strongly felt political statement. As a result of this refusal he was fired.
Two days later he applied for unemployment insurance benefits which were denied by the Labor Department on the ground that he had quit his job " without good cause by refusing to comply with a reasonable directive from his employer. This determination was sustained by a referee and the Unemployment Insurance Appeal Board who found that De Grego had provoked his discharge which was the equivalent of voluntary leaving employment without good cause. In a proceeding to review this denial of benefits the Appellate Division reversed stating that unemployment benefits could not be denied where the discharged employee was exercising his freedom of speech as guaranteed by the Constitution (46 AD2d 253). We affirm but deem it unnecessary to reach the constitutional issue in view of the agency’s misapplication of the concept of provoked discharge and the lack of any other disqualifying condition.
Provoked discharge, a gloss over the statutory disqualification for voluntary separation without good cause (Labor Law, § 593, subd 1) is a narrowly drawn legal fiction designed to apply where an employee voluntarily engages in conduct which transgresses a legitimate - known obligation and leaves the employer no choice but to discharge him. In such a case the agency is entitled to put substance over form and to conclude that the employee voluntarily left his job without good cause. This approach was first recognized by our court in Matter of Malaspina (Corsi) (309 NY 413). There, provoked discharge was considered applicable where a collective bargaining agreement mandated the discharge of those who refused to the join the union.
Since this concept was subject to arbitrary application and was inappropriately extended without statutory authority, our court in Matter of James (Levine) (34 NY2d 491, supra) adopted a very strict view of it. We made it clear that a denial *184 of unemployment insurance benefits due to provoked discharge would be sustained only where the employer has no range of discretion but was compelled to terminate employment. In addition, James recognized that although provoked discharge might be inapplicable, the actions of the employee may amount to misconduct thereby disqualifying him from benefits. By the same token, where the employee has not provoked discharge or engaged in misconduct he will be entitled to benefits despite the fact that the employer may have fired the employee for valid reasons. As noted in Matter of Heitzenrater (Hooker Chem. Corp.—Catherwood) (19 NY2d 1, 9-10) this possibility was "designedly incorporated into the legislative scheme.”
Applying these principles to the case at bar, it is clear that De Grego did not provoke his discharge since the employer was not compelled to fire him. Nor is there any evidence to support the contention that claimant’s conduct was detrimental to the employer’s interest or in violation of a reasonable work condition so as to constitute misconduct.
In response to the erroneous contention pressed by the dissent that De Grego deliberately left his employment we need only look to the findings of fact which were made by the referee who conducted the hearing and which were adopted in toto foy the appeal board. After a review of the testimony and evidence adduced at the hearing the referee explicitly found as a matter of fact that the claimant was discharged as a result of his failure to remove the button. This clear and unequivocal finding is supported by the record which includes De Grego’s testimony, the sole witness at the hearing, that he did not leave voluntarily but was discharged. Section 623 of the Labor Law provides that a decision by the referee which is adopted by the appeal board is final and conclusive on all questions of fact. The dissent’s apparent reliance on the notice of ineligibility which was sent to De Grego prior to the hearing is misplaced.
Even if we were to accept all the factors articulated by the dissent it would only lead us to one conclusion—that the employer was entitled to fire De Grego. Both the dissent and the Unemployment Insurance Appeal Board, however, miss the point. An employee may be fired under these circumstances and yet still be entitled to unemployment compensation.
Aside from the extreme situation presented in Malaspina *185 (309 NY 413, supra), the concept of provoked discharge is without validity and may not be used to deny benefits.
Accordingly, the order of the Appellate Division should be affirmed.