■ In the Matter of the Claim of HELEN O. JONES, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 12, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground she lost her employment through misconduct. Over a period of seven years, claimant had been employed in a day care center as a counselor. She lost her employment after an incident involving a request by her supervisor that in the future she was to delegate the sweeping of the office floor to one of the 17 people who worked in the center. The record reveals that claimant did not want to do so because she felt the girls would refuse and she would have no recourse because she had no authority. Claimant's supervisor testified that it was not in claimant's nature to force people to do anything; that claimant would rather do it herself. Her supervisor did not want claimant "to do 17 people's work"; she "wanted her to delegate it to them". Claimant was discharged thereafter upon her refusal to resign. The board sustained a finding that claimant was discharged for refusing to follow a reasonable request of her employer and determined that she lost her employment due to misconduct in connection therewith. In our view, the present record contains no substantial evidence supporting such determination. Claimant's behavior did not rise to the level of misconduct. She merely refused to delegate to others a task she herself was willing to do. We find no violation of a reasonable work condition, nor conduct detrimental to the employer's interest. (See *Matter of De Grego [Levine]*, 39 NY2d 180.) Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.