Memorandum. Order of the Appellate Division reversed, with costs, the decision of the Unemployment Insurance Appeal Board annulled, and the matter remitted to the Appellate *814 Division, Third Department, with directions to remand for determination of the claim.
Since claimant’s refusal to comply with his employer’s demands that he work overtime did not "compel” his dismissal, however justified that dismissal might have been, his firing is not within the "provoked discharge” exception (Matter of James [Levine], 34 NY2d 491, 494-495, 498; Matter of De Grego [Levine], 39 NY2d 180, 183-184). Therefore, and since he had been discharged by his employer, his separation was not "voluntary” (Labor Law, § 593, subd 1).
Nor does the refusal to work overtime necessarily constitute misconduct warranting deprivation of unemployment insurance benefits, even if the employer is entitled to discharge the employee for the refusal (Labor Law, § 593, subd 3; cf. Matter of Litwin [Levine], 39 NY2d 1043). Every discharge for cause does not mean that the cause constitutes misconduct, although it may (Matter of De Grego [Levine], 39 NY2d 180, 184, supra). In that last event the employee would not be entitled to benefits. The difficulty in this case is that the board never made a finding of fact that claimant had been guilty of disqualifying misconduct. Consequently, claimant is entitled to unemployment insurance benefits.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.