In the Matter of the Claim of MARIA J. KUBUS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, June 8, 1978

### APPEARANCES OF COUNSEL

*Spector & Troy (Edward S. Spector* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Robert A. Feuerstein, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

### OPINION OF THE COURT

SWEENEY, J.

This is an appeal from a decision of the Unemployment Insurance Appeal Board, which affirmed the decision of a Referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits

on the ground that she lost her employment through misconduct in connection therewith.

Claimant was employed as an employment security clerk at a local unemployment insurance office. Due to a reduction in the work force claimant was informed in May, 1976 that she was to be laid off and such was to occur at the end of the first pay period in June. Prior to her being laid off, claimant was told to report to an investigator at the main office. While there, claimant was questioned concerning allegations that she wrongfully certified her sister to benefits and had falsified daily attendance records. Claimant denied these allegations generally and expressed a desire to be represented by an attorney. Upon the advice of her attorney she refused to answer specific questions related to these charges. Claimant was thereafter terminated on the ground that her refusal to answer the questions of the investigator constituted misconduct. Concededly, there was no affirmative evidence to indicate the claimant was guilty of any wrongdoing. The board disqualified her from receiving benefits concluding that her refusal to answer the questions amounted to misconduct.

The question presented, as we view it, is whether claimant, a State employee, is guilty of misconduct for refusing to answer work-related questions on advice of counsel.

It is clear from the record that claimant was being questioned about her alleged wrongful participation in obtaining, by the use of falsified attendance records, unemployment benefits for a member of her family. The subject matter could manifestly be criminal in nature. On advice of counsel claimant elected to avail herself of the protection of the Fifth Amendment of the United States Constitution and section 6 of article I of the New York State Constitution. It is axiomatic that a person may assert this privilege in any situation where the testimony may ultimately be used in a criminal proceeding against him (*Matter of Gault*, 387 US 1, 47-48). The issue narrows to whether the State may deny claimant unemployment benefits because she exercised her rights under the United States Constitution and the New York State Constitution. We think not (*Matter of De Grego [Levine]*, 46 AD2d 253, affd on other grounds 39 NY2d 180). Such conduct could not, under the circumstances, be considered misconduct.

The decision should be reversed, with costs, and matter should be remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.

GREENBLOTT, J. P., LARKIN, MIKOLL and HERLIHY, JJ., concur.

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.