■ In the Matter of the Claim of Rosalie Wise, Appellant. Philip Ross, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 29, 1980. The board has found claimant disqualified from benefits because she lost her employment through misconduct. The record contains substantial evidence to support the board's finding that claimant, a sales person, was scheduled to work on Saturday, March 22, 1980 from 11:00 A.M. to 7:00 P.M. However, it is also established that claimant and the employer had specifically agreed in writing on hours of 9:30 A.M. to 5:30 P.M. with one late night per week. Claimant had already worked one late night during the week ending March 22, 1980. The evidence on behalf of the Industrial Commissioner does not establish any compelling necessity for the change in claimant's hours except for a unilateral decision of the employer to so schedule *her* employment instead of someone else. Claimant's position was in fact covered by one of her superiors after she left at 5:30 P.M. Upon the present record there is a lack of substantial evidence to support the finding of misconduct. While claimant's refusal to comply with the change in her schedule might be considered bad judgment, to impose a penalty would unduly sanction a disregard of the express employment terms agreed upon by the employer. It is significant that the board decision makes no mention of the express employment agreement. Upon the present record there is no showing "that claimant's conduct was detrimental to the employer's interest or in violation of a reasonable work condition so as to constitute misconduct" *(Matter of De Grego [Levine],* 39 NY2d 180, 184). Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P.J., Kane, Casey, Yesawich, Jr., and Herlihy, JJ., concur.