■ In the Matter of the Claim of GERARD ALTIERI, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. COUNTY OF DUTCHESS, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 9, 1982. Claimant, a correction officer at the Dutchess County Jail, was discharged for refusing to answer questions during a disciplinary inquiry respecting an alleged assault upon an inmate. The board, reversing the determination of the administrative law judge, found that claimant's silence amounted to misconduct, thereby rendering him ineligible for unemployment benefits. It is established that: "the State may compel any person enjoying a public trust to account for his activities and may terminate his services if he refuses to answer relevant questions, or furnishes information indicating that he is no longer entitled to public confidence (*Gardner v Broderick,* 392 US 273). But testimony compelled in this matter, under threat of loss of public employment, may not be used as a basis for subsequent prosecution (citation omitted)" (*People v Avant,* 33 NY2d 265, 271; see, also, *Dolan v Kelly,* 76 Misc 2d 151, 153). Accordingly, in a case such as this, the employee's right to immunity as a result of his compelled testimony is not at

stake (see *Sanitation Men v Sanitation Comr.,* 392 US 280). This being so, we agree with the board that claimant's dismissal was not related to the exercise of his constitutional rights but, rather, was a result of his refusal to perform a duty of his public employment. In fact, it is uncontroverted that in refusing to co-operate, claimant disregarded the advice of his union and violated the terms of his collective bargaining agreement. Under these circumstances, the board could properly conclude that claimant's refusal to co-operate rose to the level of misconduct in connection with his employment (cf. *Dolan v Kelly, supra,* p 153). The present case is distinguishable from *Matter of Kubus (Ross)* (62 AD2d 534), a holding which was expressly limited to the factual situation presented therein. In *Matter of Kubus,* this court concluded that claimant had elected to avail herself of the protection of the Fifth Amendment of the United States Constitution as her testimony "may ultimately be used in a criminal proceeding" against her (*id.,* at p 535). As any testimony given in the instant disciplinary inquiry by claimant could not be used against him in a subsequent criminal proceeding (*People v Avant, supra*), the present situation differs materially from *Matter of Kubus.* The board's decision should, therefore, be affirmed. Decision affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.