■ In the Matter of the Claim of ELKIN D. PATINO, Respondent. ADDERLEY INDUSTRIES, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [678 NYS2d 165] —Yesawich Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 1997, which ruled that Adderley Industries, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

The Unemployment Insurance Appeal Board ruled that Adderley Industries, Inc., a company that contracts with cable system operators to install cable television service, exercised sufficient direction and control over the activities of claimant, who worked as a cable installer, to establish an employment relationship. Various indicia of employment were shown to exist, several of which factually distinguish this case from those cited by Adderley in support of its contention that claimant must be viewed as an independent contractor. Significantly, Adderley provided claimant, who had no previous experience as a cable installer, with specialized training and thereafter made spot inspections of claimant's work. Although claimant was permitted to utilize a "helper"—also trained by Adderley— that individual had to be approved by Adderley as well. Claimant was required to wear a company shirt while on the job and his truck had to be painted white and display a magnetic sign bearing Adderley's logo.

Adderley assigned claimant an established route, provided him with the equipment to be installed and set the rate that would be charged for each installation, based upon the complexity of the job. Claimant was required to begin work at 9:00 A.M. and to give advance notice if he was unable to work on a given day. He also had to report, during his workday, if he were running late and apprise Adderley upon the completion of each assignment. Moreover, it appears that claimant was not actually free to work as much or as little as he chose, for Adderley's chief executive officer testified that installers are assigned work by the route, that most routes require full-time work and that Adderley "really [doesn't] entertain" requests to work fewer than five days per week (*compare, Matter of Kearsh [Northeast Communications Contr.—Hudacs]*, 186 AD2d 970, 972, *lv denied* 81 NY2d 711). Nor was there evidence that claimant

was in business for himself or that he had ever held himself out as an independent cable installer (see, *Matter of Pedraza [Cablemasters Corp.—Hartnett]*, 149 AD2d 829, 830). We conclude that the Board's finding of an employment relationship in this matter should not be disturbed.

The provision in claimant's contract stating that he worked for Adderley as an "independent contractor" does not dictate a contrary result. Such contractual provisions are not dispositive in cases as the instant one where there are numerous indicia of an employment relationship (see, *Matter of Wilde [Enesco Imports Corp.—Sweeney]*, 236 AD2d 722, 723, lv denied 89 NY2d 817).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.