■ In the Matter of the Claim of HEYWARD BATTS, Appellant. COMMISSIONER OF LABOR, Respondent. [694 NYS2d 820] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a program director for a social service agency's crime victims program, was discharged after it was discovered that he had submitted a grant proposal on behalf of a competing agency. No evidence was presented to establish that claimant submitted a funding proposal on behalf of the employer; indeed, claimant furnished false information to the funding

board concerning the future existence of the employer's crime victims program and listed himself and four subordinates as employees of the competing agency. Under such circumstances, we find that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving benefits due to misconduct. Conduct that is potentially detrimental to the employer's best interests may constitute misconduct (*see generally, Matter of Blickley [Sweeney]*, 247 AD2d 738). Here, the loss of the grants could have resulted in the employer losing funding in excess of $100,000. Claimant's proffered excuse for his conduct presented a credibility issue for resolution by the Board (*see, Matter of Hawkins [Commissioner of Labor]*, 254 AD2d 558, 559). We have examined claimant's remaining contentions and find them to be without merit.

Mercure, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.