■ In the Matter of DM & M CABLE SERVICES, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [732 NYS2d 682] —Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 24, 1999, which assessed DM & M Cable Services, Inc. with additional unemployment insurance contributions.

DM & M Cable Services, Inc. installs television cable pursuant to contracts with, among others, Adelphia Cable in Buffalo. In addition to its own employees, DM & M contracts with additional cable installers for overflow work. Whether they are employees or independent contractors is the subject of this appeal. In a decision filed October 15, 1997, an Administrative Law Judge overruled a determination of the Commissioner of Labor that the additional installers were employees for purposes of unemployment insurance coverage. The Unemployment Insurance Appeal Board reversed the determination of the Administrative Law Judge, ruling that DM & M exercised sufficient control over the additional installers to establish that they were employees, not independent contractors, and assessed DM & M for additional unemployment insurance contributions for the period January 1, 1990 through June 30, 1996. DM & M appeals, primarily contending that the Board's decision is not supported by substantial evidence.

We disagree and affirm. The employment status of the installers is an issue of fact for the Board to decide. If its decision is supported by substantial evidence, it will not be disturbed even if the record contains other evidence which would have supported a contrary result (*see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049; *Matter of Patino [Adderley Indus.— Commissioner of Labor]*, 253 AD2d 995, *lv dismissed* 93 NY2d 920).

Factors which support the Board's determination are that the independent installers had to report daily to DM & M's office for work assignments, DM & M monitored the completion

of the assignments on a daily basis, DM & M inspected the work, DM & M required the installers to advise of days off in advance, DM & M set uniform pay rates for each task and paid the installers on a regular weekly basis, DM & M made training available on the manner and method of performing the work and DM & M reserved the right to control the installers' attire. Consequently, the Board's determination cannot be said to be totally irrational as it is supported by substantial evidence and is therefore beyond judicial review (*see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736).

In light of this determination, we need not address the binding effect, if any, of the Board's unappealed October 20, 1994 decision which found one of the additional installers to be an employee of DM & M under similar circumstances as are found herein.

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.