■ In the Matter of the Claim of EMMA J. MAXWELL, Respondent. NIGRO COMPANIES, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [760 NYS2d 586] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 10, 2002, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant was employed as a bookkeeper from April 27, 1998 to August 6, 2001. Throughout calendar years 2000 and 2001, she was counseled about her poor attendance and advised that if she was not able to report to work, she must speak directly to her supervisor. The last such counseling occurred on July 10, 2001; she understood that further absenteeism would jeopardize her employment.

On Wednesday, August 1, 2001, claimant left work early to go to a doctor's appointment without authorization or notice to her supervisor; she failed to return for the rest of the day. On the following day, prior to her supervisor's arrival, she left a message on his voice mail stating that she would be out for medical reasons; she did not indicate when she would return. On the third day, she left a message for her supervisor stating that she was out due to doctor's orders and that she would return on Monday. During the placement of that call, claimant admits that she retrieved a message from her supervisor advising her to call him directly; she never did. Claimant was aware that there was a main number answered by a receptionist who could locate her supervisor during business hours. She chose to use the voice mail system because she wanted to make one phone call from a pay phone to retrieve her messages and leave others. Upon her return to work, she proffered no medical documentation explaining her absence. She was terminated.

The initial determination which disqualified claimant from receiving benefits by finding that she lost her employment through misconduct was reversed after hearings. The Unemployment Insurance Appeal Board affirmed. The employer appeals.

To constitute disqualifying misconduct, claimant's conduct "must either be detrimental to the employer's interest or a violation of a reasonable work condition" (*Matter of Marten [Eden Park Nursing Home—Commissioner of Labor]*, 255 AD2d

638, 638 [1998]). Where there are established policies and procedures regarding the notification of absences that have been communicated to an employee and the employee has been warned that compliance is mandatory, the Board has consistently held that the failure to abide by such policies may constitute disqualifying misconduct (*see Matter of Lyubinskaya [Daffy's, Inc.—Commissioner of Labor]*, 288 AD2d 551, 552 [2001]; *Matter of Survilla [Commissioner of Labor]*, 283 AD2d 696, 696 [2001]; *Matter of Greene [Commissioner of Labor]*, 252 AD2d 622, 623 [1998]; *Matter of Sahagian [Sweeney]*, 236 AD2d 733, 733 [1997]; *Matter of Kessler [Hudacs]*, 192 AD2d 1008, 1008 [1993]). Here, claimant's violation of the employer's established policies and procedures constituted disqualifying misconduct. As the Board has failed to follow its prior determinations or to articulate a reason for its departure from precedent, the determination must be reversed as arbitrary and capricious (*see Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 518 [1985]; *see also Matter of Martin [Troy Publ. Co.—Roberts]*, 70 NY2d 679, 681 [1987]).

Peters, J.P., Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.