■ In the Matter of the Claim of CHRIS G. O'CONNELL, Appellant. QUALITY LASER SERVICES, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [764 NYS2d 148] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 22, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a service technician repairing printers for a computer supply and service company after the employer discovered that he was also working for his brother-in-law's computer supply business repairing printers. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant engaged in disqualifying misconduct. We reject claimant's assertion that the Board incorrectly relied on hearsay evidence over sworn testimony to conclude that he was performing services for a competitor. Although claimant did not consider the two companies to be competitors, his testimony that both companies supplied computer equipment and service in the same geographic area provides sufficient evidence to support the finding by the Board that the companies were competitors.

In any event, the employee manual directed that any secondary employment should have been discussed with a manager to determine if there was any conflict of interest. Given claimant's admission that he considered his brother-in-law to be a "knuckle head" for disclosing claimant's employment situation to his employer, the Board rejected claimant's assertion that he was unaware that he was required to disclose his secondary job to the employer. Inasmuch as "acts of an employee that have a detrimental impact upon the employer's interests have been found to constitute disqualifying misconduct especially when they run counter to the employer's established policies" (*Matter of Knight [Commissioner of Labor]*, 300 AD2d 727, 727 [2002]; *see Matter of Colombo [Commissioner of Labor]*, 283 AD2d 752, 753 [2001]; *Matter of Naymark*, 232 AD2d 804, 804 [1996]), we find no reason to disturb the Board's decision.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.