■ In the Matter of the Claim of VIRGINIA A. WLOS, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 330]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 30, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a sales associate for a furniture store from March 29, 2004 until June 2, 2005. At the end of May 2005, after she gave the employer her two-week notice of her resignation, she received two warnings concerning her work attire, which the employer found violated its dress code policy. When she reported to work on June 2, 2005 in clothing that her employer again deemed unprofessional, her employment was terminated. Following the employer's objection to the Department of Labor's initial determination finding claimant eligible to receive unemployment insurance benefits, a hearing was conducted before an Administrative Law Judge (hereinafter ALJ). At the conclusion of the hearing, the ALJ ruled that the grounds for claimant's termination did not rise to the level of misconduct and found her eligible to receive benefits. The Unemployment Insurance Appeal Board, however, overruled the ALJ's decision and disqualified claimant from receiving benefits. Claimant now appeals.

Initially, we note that "[t]he violation of an employer's rule or policy, while sufficient to justify termination of employment, does not necessarily rise to the level of disqualifying misconduct" (*Matter of McKoy [LB&B Assoc., Inc.—Commissioner of Labor]*, 27 AD3d 922, 923 [2006]). Significantly, " '[m]isconduct is a willful and wanton disregard of the employer's interest' " (*Matter of Pfohl [Hunter's Hope Found., Inc.—Commissioner of Labor]*, 9 AD3d 729, 730 [2004], quoting *Matter of Wrzesinski [Roberts]*, 133 AD2d 884, 885 [1987]). Based upon the circumstances presented in the case at hand, substantial evidence does not support the Board's finding that claimant's actions amounted to disqualifying misconduct. Prior to May 2005, claimant had never been reprimanded by the employer regarding her work attire. The employer's dress code policy required employees to wear business clothes, but not necessarily suits. Claimant attempted to comply with this policy by purchasing a linen suit, but the employer reprimanded her for wearing it to work because it was wrinkled and also for wearing a long sleeved white blouse and long skirt. Notably, this clothing, which claimant brought to the hearing, was not found by the ALJ to be either "overly casual or suggestive." On the date of her dis-

charge, which was close to her final day of work, claimant wore the linen pants and the white blouse that she had previously been told not to wear. Inasmuch as claimant's actions did not evince a willful and wanton disregard of the employer's interest, we do not find that she engaged in disqualifying misconduct.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.