■ In the Matter of the Claim of DAVID J. CLUM, Appellant. ALL-LIFTS, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [857 NYS2d 791]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 20, 2007, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a crane technician, began working for the employer in May 1999. In March 2006, he received a verbal warning after he requested product literature from a supplier for a customer. At the time, claimant was advised that he was not to engage in sales functions and that any sales-related requests were to be referred to the employer's sales manager or claimant's supervisor. Thereafter, in December 2006, claimant again contacted a supplier on behalf of a customer, this time inquiring as to whether a particular demonstration unit would be available for the customer's use. When the employer learned of this activity, it terminated claimant's employment and subsequently disputed claimant's application for unemployment insurance benefits. A hearing ensued, following which the Administrative Law Judge (hereinafter ALJ) determined that "[w]hile the claimant's conduct . . . was a technical violation of the employer rules, the claimant's intent was to further the employer's interest and not do anything detrimental to those interests." Accordingly, the ALJ concluded that although claimant's actions justified his discharge, they did not rise to the level of misconduct that would disqualify him from receiving benefits. The Unemployment Insurance Appeal Board reversed the ALJ's decision and denied claimant benefits and, upon reconsideration, adhered to that ruling. Claimant appeals, and we reverse.

Conduct that is "detrimental to the employer's interest or in violation of a reasonable work condition" constitutes misconduct and will disqualify an employee from eligibility for unemployment insurance benefits (*Matter of De Grego [Levine]*, 39 NY2d 180, 184 [1976]; *see Matter of Maxwell [Nigro Cos.—Commissioner of Labor]*, 305 AD2d 954, 954-955 [2003], *lv denied* 100 NY2d 511 [2003]; *Matter of Marten [Eden Park Nursing Home—Commissioner of Labor]*, 255 AD2d 638, 638 [1998]).* Importantly, absent misconduct, an employee "will be entitled to benefits despite the fact that the employer may have fired the

---

* To the extent that our prior cases have articulated a different standard or indicated that an employee's conduct *must* be willful and wanton in order to rise to the level of disqualifying misconduct, those cases should not be followed.

employee for valid reasons" (*Matter of De Grego [Levine]*, 39 NY2d at 184).

Here, claimant was previously instructed to leave sales functions to the sales department, however, he violated those instructions by making an informational inquiry to the supplier on behalf of the customer. Nonetheless, it is uncontroverted that, in this instance, claimant's conduct was limited to one telephone call to the supplier inquiring only about the availability of the free demonstration unit. Upon this record, we cannot conclude that claimant's conduct was detrimental to the employer's interests. The employer stated that it lost no money or customers as a result of claimant's action and, in fact, conceded that claimant was probably trying to be helpful. Indeed, the record contains no evidence that would support a contrary conclusion. Nor did claimant's conduct violate a reasonable work condition (*see e.g. Matter of Grant [Commissioner of Labor]*, 32 AD3d 563 [2006]; *Matter of Maxwell [Nigro Cos.— Commissioner of Labor]*, 305 AD2d at 954; *Matter of Greenberg [Commissioner of Labor]*, 286 AD2d 794 [2001]). Accordingly, under the circumstances of this case, claimant's conduct did not rise to the level of disqualifying misconduct.

Cardona, P.J., Mercure, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.