■ In the Matter of the Claim of DIANE M. DUNHAM, Appellant. COMMISSIONER OF LABOR, Respondent. [890 NYS2d 207]—

McCarthy, J.

Claimant was a full-time agent for the employer, Regional Off-Track Betting Corporation, for approximately 3½ years before her termination in August 2008. During a routine audit, it was discovered that claimant's drawer was $20 short. She realized that she had sold $20 worth of lottery tickets to the manager of the adjacent bar that morning upon his promise that he would return promptly with payment, however, he had not yet done so. Claimant immediately retrieved the money from the bar manager and gave it to the auditor. Shortly thereafter, having determined that the transaction constituted "credit wagering," the employer terminated claimant and disputed her application for unemployment benefits. A hearing followed, after which an Administrative Law Judge ruled that claimant did not engage in misconduct and, therefore, was not disqualified from receiving benefits. However, the Unemployment Insurance Appeal Board reversed that decision and denied claimant benefits. Claimant appeals, and we reverse.

Undoubtedly, conduct that is detrimental to an employer's interest constitutes misconduct and will disqualify an employee from eligibility for unemployment insurance benefits (*see Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d 1171, 1172 [2008]; *Matter of McKoy [LB&B Assoc., Inc.—Commissioner of Labor]*, 27 AD3d 922, 923 [2006]). However, while an employee may have been fired for valid reasons, his or her behavior may fall short of misconduct and, therefore, he or she may still be entitled to receive benefits (*see Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d at 1172-1173; *Matter of Pfohl [Hunter's Hope Found., Inc.—Commissioner of Labor]*, 9 AD3d 729, 730 [2004]).* Here, claimant admitted that she gave the lottery tickets to the bar manager without immediately receiving payment in return, and denied that doing so violated the employer's policy against credit wagering. Her undisputed testimony established that this customary practice with the bar manager had occurred several times per week for

---

* We acknowledge that, contrary to some of this Court's prior decisions, an employee's conduct need not be willful and wanton to rise to the level of disqualifying misconduct (*see Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d at 1172 n).

years, and was engaged in by the employer's other agents as well as claimant with the full knowledge of both the manager and assistant manager, neither of whom ever indicated that it was against company policy. Significantly, no evidence was submitted that this custom was detrimental to her employer's interests. Under these circumstances, we cannot agree that there is substantial evidence to support the determination that claimant's behavior constituted misconduct warranting denial of benefits and, therefore, we reverse (see Matter of Clum [All-Lifts, Inc.—Commissioner of Labor], 51 AD3d at 1173; Matter of Wlos [Commissioner of Labor], 42 AD3d 719, 720-721 [2007]).

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.