■ In the Matter of the Claim of WAYNE E. BODAH, Appellant. COMMISSIONER OF LABOR, Respondent. [904 NYS2d 229]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 10, 2009, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked for a general contractor and his employment was terminated after he assisted one of the contractor's customers in installing a hardwood floor, a job for which the contractor had unsuccessfully bid. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that his employment had been terminated due to misconduct and, upon reconsideration, adhered to that decision. Claimant now appeals.

We affirm. The Board credited claimant's testimony that he did not submit a bid on the flooring job, but rather offered to help the customer install the flooring and received $100 for his efforts. However, inasmuch as those actions were potentially detrimental to the employer's interests because they encouraged the customer to install the flooring rather than hire the employer to do that work, substantial evidence supports the Board's determination that petitioner's termination was due to misconduct (see Matter of O'Connell [Quality Laser Servs.— Commissioner of Labor], 308 AD2d 622, 623 [2003]; Matter of Batts [Commissioner of Labor], 264 AD2d 932, 932-933 [1999]). Lastly, the Board did not abuse its discretion in declining to reopen the hearing so that the customer could testify, as it credited claimant's version of events and claimant did not seek that testimony at the hearing itself (see Labor Law § 621 [3]; Matter of Miller [Commissioner of Labor], 9 AD3d 567, 568 [2004]).

Mercure, J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.