■ In the Matter of MICHELE E. SPIERTO, Appellant. COMMISSIONER OF LABOR, Respondent. [910 NYS2d 595]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 28, 2009, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a sales representative for a commercial bakery for just under six months. She was responsible for servicing approximately 9 to 10 grocery stores where her employer's product was sold. Her primary duties entailed checking displays, restocking products, ordering products and tracking sales. On August 31, 2009, claimant was scheduled to work for the employer during the busy holiday weekend. She visited a few of the stores on her route that morning, but took a lengthy break during the day to perform a food demonstration for another company before resuming her regular duties. Another sales representative saw claimant and reported her activities to the employer. Claimant was terminated as a result. The Unemployment Insurance Appeal Board ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. Claimant now appeals.

Initially, it is well settled that "[c]onduct that is 'detrimental to the employer's interest or in violation of a reasonable work condition' constitutes misconduct and will disqualify an employee from eligibility for unemployment insurance benefits" (*Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d 1171, 1172 [2008], quoting *Matter of De Grego [Levine]*, 39 NY2d 180, 184 [1976]; *see Matter of Dunham [Commissioner of Labor]*, 68 AD3d 1328, 1329 [2009]). Nevertheless, even if an employee has been terminated for valid reasons, his or her behavior may not rise to the level of misconduct such as to disqualify him or her from receiving unemployment insurance benefits (*see Matter of Dunham [Commissioner of Labor]*, 68 AD3d at 1329; *Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d at 1172-1173). Under the particular circumstances presented, we cannot conclude that claimant engaged in disqualifying misconduct. Significantly, the employer did not

have a policy prohibiting employees from holding secondary employment, nor did it warn claimant that this was not permitted, and there was no requirement that claimant advise the employer of her whereabouts during the day. In addition, she believed that her working hours were flexible given the provisions in the employee handbook regarding hours, and she was not required to report the specific hours she worked, but rather was required to report only her mileage and the stores that she visited. Claimant maintained that although she deviated from her route to perform the demonstration on the date in question, she completed a full day of work by working later into the evening. The employer admittedly never contacted the stores on claimant's route to check to see if claimant had been there on that date. Furthermore, the company for which claimant performed the demonstration was not a competitor of the employer as it sold meat products, not baked goods. In view of the foregoing, while the employer may have been dissatisfied with claimant's activities and have decided to terminate her for this reason, we do not find that her behavior was clearly detrimental to the employer's interests or so egregious as to warrant a finding of misconduct (*see e.g. Matter of Dunham [Commissioner of Labor], supra; Matter of Clum [All-Lifts, Inc.—Commissioner of Labor], supra; compare Matter of O'Connell [Quality Laser Servs.—Commissioner of Labor]*, 308 AD2d 622 [2003]). Therefore, the Board's decision must be reversed.

Cardona, P.J., Peters, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.