■ In the Matter of the Claim of GARY P. KUNKEL, Appellant. COMMISSIONER OF LABOR, Respondent. [945 NYS2d 773]—

Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 25, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost his employment as a press operator due to disqualifying misconduct. The record establishes that on April 2, 2010, claimant removed two boxes of used metal plates from the employer's premises in violation of the employer's policy for disposal of such property and sold them for $99. Furthermore, claimant's supervisor testified that on March 12, 2010, claimant removed scrap paper from the employer's premises and was verbally warned that nothing should be removed from the workplace without prior authorization. Inasmuch as a violation of a known policy of the employer that is detrimental to the employer's interest has been held to constitute disqualifying misconduct (*see Matter of Kaissar [Commissioner of Labor]*, 3 AD3d 829, 830 [2004]), we find no reason to disturb the Board's decision. Claimant's contention that he was unaware of the employer's policy presented a credibility issue for the Board to resolve (*see Matter of Schaffer [Byrne Dairy, Inc.—Commissioner of Labor]*, 54 AD3d 1111, 1112 [2008]).

Garry, J. (dissenting). We respectfully dissent. Not all terminations arise from a "level of misconduct such as to disqualify [an employee] from receiving unemployment insurance benefits" (*Matter of Spierto [Commissioner of Labor]*, 78 AD3d 1365, 1365 [2010]). Claimant was terminated after 35 years of employment for removing recyclable products from his workplace—later returned—under circumstances that the Administrative Law

Judge found failed to reveal that he had knowledge or notice that his actions would jeopardize his job. Significantly, there was an utter lack of evidence demonstrating that the removal of these waste products, i.e., scrap paper and metal plates, albeit materials of some potential value, was in any manner detrimental to the employer's interests (*see Matter of Dunham [Commissioner of Labor]*, 68 AD3d 1328, 1330 [2009]; *Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d 1171, 1172-1173 [2008]). Although the Unemployment Insurance Appeal Board subsequently rejected claimant's testimony that his removal of the materials was in accord with accepted custom, and described them as "valuable items," there was simply no evidence that the employer suffered any loss, nor intended to or had ever in the past obtained any value for them. Thus, "we cannot conclude that claimant's conduct was detrimental to the employer's interests" (*Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d at 1173). Accordingly, we agree with the Administrative Law Judge that claimant's act "was a matter of poor judgment and does not rise to the level of misconduct under the meaning of the unemployment insurance law," and we would reverse the Board's decision.

Mercure, J.P., Malone Jr., and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.