■ In the Matter of the Claim of KAREN A. LOPRESTI, Appellant. COMMISSIONER OF LABOR, Respondent. [968 NYS2d 726]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 1, 2012, which ruled that claimant was

disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

For more than 10 years, claimant worked as an associate director of an outpatient program for a not-for-profit community service organization. Her job responsibilities included managing funds advanced to the program and paying expenses therewith. The employer's policy required that checks advanced to the program be cashed at an on-site bank and that the money be kept secured in a facility safe, to be used for specific program expenses. Instead of following this policy, it was claimant's practice to deposit checks into her own personal checking account, withdraw the cash and either put it in the safe or reimburse herself and others for out-of-pocket expenditures, provide the employer with receipts for expenditures and, where necessary, write checks from her account to reimburse the employer for money that was advanced but not spent.

In March 2010, an internal audit disclosed, among other things, that claimant had violated the employer's policy prohibiting employees from depositing program funds directly into their personal bank accounts. As a result, the employer terminated claimant's employment for "misconduct, mismanagement of [a]gency funds and insubordination." Claimant was initially deemed eligible to receive unemployment insurance benefits; that determination was upheld by an Administrative Law Judge after a hearing, but the Unemployment Insurance Appeal Board subsequently reversed the Administrative Law Judge's decision and ruled that claimant was disqualified from receiving benefits because her employment had been terminated due to misconduct. Claimant now appeals.

We reverse. Even where an employee has been fired for legitimate reasons, the "behavior may fall short of misconduct and, therefore, he or she may still be entitled to receive benefits" (*Matter of Dunham [Commissioner of Labor]*, 68 AD3d 1328, 1329 [2009]; *see Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d 1171, 1172 [2008]). Although a knowing violation of an employer's established policies that has a detrimental effect on the employer's interests can constitute disqualifying misconduct (*see Matter of Spierto [Commissioner of Labor]*, 78 AD3d 1365, 1365 [2010]; *Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d at 1172; *see also Matter of Briskie [Commissioner of Labor]*, 98 AD3d 786, 786-787 [2012]), we find that claimant's misconduct in this case did not rise to a disqualifying level. While we do not quarrel with the Board's finding that claimant violated the employer's established policies, which provided a basis for terminating her employ-

ment, the hearing testimony reveals that claimant's actions were in keeping with a longstanding practice that was at least partially condoned by her former supervisor and were necessary because claimant did not have check writing authority. Moreover, inasmuch as she was terminated immediately after her new supervisor learned of this practice, claimant was unable to demonstrate her willingness to reform her conduct consistent with this supervisor's expectations. Significantly, the record is devoid of any evidence that claimant misappropriated program funds or that her actions were detrimental to the employer. As a result, even though claimant's transgression provided justification for her termination, we cannot conclude on the record before us that substantial evidence supports the Board's decision to disqualify her from receiving benefits (*see Matter of Spierto [Commissioner of Labor]*, 78 AD3d at 1366; *Matter of Dunham [Commissioner of Labor]*, 68 AD3d at 1329-1330).

Peters, P.J., Stein, Spain and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.