■ In the Matter of the Claim of MERARDO CARDENAS, Respondent. METROPOLITAN CABLE COMMUNICATIONS, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [987 NYS2d 715]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 28, 2013, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was a technician who performed cable installation for the employer for approximately six years before his employment was terminated for allegedly having improperly grounded two installations on the same day. After an initial determination that claimant was disqualified from receiving unemployment insurance benefits because he had been discharged for misconduct, the Unemployment Insurance Appeal Board ultimately ruled that his actions constituted poor performance—rather than misconduct—and that was he was entitled to receive benefits. The employer now appeals.

We affirm. Whether the conduct for which an employee was

terminated rises to the level of disqualifying misconduct for the purposes of unemployment insurance is a factual question to be resolved by the Board (*see Matter of Morris [Lenox Hill Neighborhood House Inc.—Commissioner of Labor]*, 110 AD3d 1333, 1334 [2013]; *Matter of Guynup [County of Clinton—Commissioner of Labor]*, 106 AD3d 1357, 1358 [2013]). Here, after claimant had been given a final warning that the use of an improper ground would subject him to termination, he was alleged to have engaged in improper grounding twice on the same day, having attached one ground to an air conditioning pipe and having used an oxidized ground on another job. However, claimant testified that, with respect to the first installation, he was unsure of whether he could attach the ground to the pipe in question, so he called a supervisor and received permission before attaching it. Claimant testified that with respect to the second installation, he had scratched the ground strap with his key to make sure that it was not oxidized. Although the supervisor disputed that he had given claimant permission with respect to the first installation, credibility issues are within the province of the Board to resolve (*see Matter of Godfrey [JB Marks Corp.—Commissioner of Labor]*, 115 AD3d 1111, 1112 [2014]; *Matter of Dialah [Commissioner of Labor]*, 114 AD3d 986, 986 [2014]). Accordingly, we find that substantial evidence supports the Board's decision that claimant's actions did not rise to the level of disqualifying misconduct (*see Matter of Morris [Lenox Hill Neighborhood House Inc.—Commissioner of Labor]*, 110 AD3d at 1334; *Matter of Wright [City of Syracuse —Commissioner of Labor]*, 101 AD3d 1198, 1199 [2012]; *see also Matter of Dunham [Commissioner of Labor]*, 68 AD3d 1328, 1329-1330 [2009]).

Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.