*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    521220
_____

In the Matter of the Claim of
    SANDRA JEAN,
                    Appellant.
                                           MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  December 8, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

                    _____

        Sandra Jean, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.

                    _____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed August 21, 2014, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because her employment was terminated due to misconduct.

        Claimant was employed as a caseworker for a child welfare
agency and worked Monday through Friday; working during the
weekend was permitted if prior approval from a supervisor was
obtained.  In order to conduct field visits to clients, claimant,
as well as other employees, could rent a car and requisition a
$15 gas card for that rental car by filling out various forms and
obtaining approval by a supervisor.  Following an investigation,
it was discovered that gas cards issued to claimant were used on
two days that she was not working.  The employer concluded that
claimant misused the gas cards and, because she did so more than
once, terminated her employment.  The Unemployment Insurance
Appeal Board ruled that, notwithstanding the absence of a prior

warning, claimant should have known that her actions would result in her discharge and denied her application for unemployment insurance benefits upon the ground that her dishonesty constituted disqualifying misconduct.  This appeal ensued.

We reverse.  Although "[a]n employee's apparent dishonesty . . . can constitute disqualifying misconduct" (Matter of Alexander [Commissioner of Labor], 3 AD3d 827, 827 [2004] [internal quotation marks and citations omitted]), here, substantial evidence does not support a finding that claimant engaged in disqualifying misconduct.  It is undisputed that the employer had no policy with regard to the use of the issued gas cards.  Testimony from claimant and a colleague who also was discharged following the investigation established that, once an employee requisitioned a gas card, there was no procedure for reporting the amount used on the card or for returning unused gas cards to the employer.  Claimant and this colleague also testified that, when a balance remained on a gas card issued to an employee, it was common to either keep the gas card to use in connection with future field visits or give it to a colleague to use for that purpose, particularly because gas cards were not always available.  Although the investigation reflected that gas cards issued to claimant were used on two days on which she was not working, the employer had no procedure or policy for collecting receipts or monitoring when or by whom the card was used.  Finally, claimant testified that she used the gas cards in connection with the rental cars to perform required field visits and not for personal use.  Under these circumstances, the Board's finding that claimant misused the gas cards or engaged in any dishonest behavior so as to rise to the level of disqualifying misconduct is not supported by substantial evidence (see e.g. Matter of Spierto [Commissioner of Labor], 78 AD3d 1365, 1365-1366 [2010]; Matter of Dunham [Commissioner of Labor], 68 AD3d 1328, 1329 [2009]; Matter of Ramsey [Ross], 63 AD2d 1061, 1062 [1978].  Furthermore, a review of the record fails to support the Board's finding that there was a "significant shift" or inconsistency in claimant's testimony with regard to her use of the gas cards so as to find her testimony incredible.

McCarthy, J.P., Egan Jr., Rose and Lynch, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court