Matter of Smith (City Sch. Dist. of the City of N.Y.--Commissioner of Labor) (2021 NY Slip Op 06124)





Matter of Smith (City Sch. Dist. of the City of N.Y.--Commissioner of Labor)


2021 NY Slip Op 06124


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

531711
[*1]In the Matter of the Claim of Petal Smith, Respondent. City School District of the City of New York, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Georgia M. Pestana, Corporation Counsel, New York City (Susan Paulson of counsel), for appellant.
Salvatore C. Adamo, Albany, for Petal Smith, respondent.



Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 12, 2019, which ruled, among other things, that claimant was eligible to receive unemployment insurance benefits.
Claimant worked as a per diem substitute teacher for the City School District of the City of New York during the 2017-2018 school year. She was paid only for the days she worked. Claimant worked a total of 18 days during that school year, often declining per diem assignments due to conflicts with her other part-time job and because she was facing eviction. She last worked on June 25, 2018, the final day of school. On July 16, 2018, the school district advised claimant that she was ineligible to serve as a substitute teacher in the 2018-2019 school year as she had not worked the required 20 days as a substitute teacher in the prior school year.
On July 22, 2019, claimant applied for unemployment insurance benefits, citing the lack of work at her part-time job. The Department of Labor determined that claimant was eligible to receive benefits. The school district objected, arguing that claimant had provoked her discharge for failing to complete the required 20 days of per diem work. After a hearing, an Administrative Law Judge and, thereafter, the Unemployment Insurance Appeal Board, affirmed the initial determination, finding that, as a per diem employee, claimant's employment relationship with the school district ended on her last day of work, June 25, 2018. As such, claimant did not have an employment relationship with the school district at the time that she applied for benefits, and could not be found to have provoked her discharge or voluntarily quit. The school district appeals from that determination.
Given that substantial evidence supports the Board's determination, it must be affirmed. The narrow issue presented is whether the Board correctly determined that claimant, a per diem employee who was last employed by the school district on June 25, 2018, did not thereafter cause her discharge or voluntarily quit by not pursuing avenues to renew her per diem eligibility.[FN1] As the Board found, on the days that claimant had an employment relationship with the school district, she did not engage in misconduct, was not discharged and did not quit (compare Matter of Young [Commissioner of Labor], 263 AD2d 821, 821-822 [1999]). When she applied for unemployment insurance benefits, she no longer had an employment relationship with the school district, which had advised her that she would not be renewed in that role based upon her noncompliance with the 20-day work requirement during the prior school year. Moreover, the school district did not establish that it was compelled to discontinue claimant's status as a per diem teacher on that basis (see Matter of DeGrego [Levine], 39 NY2d 180, 183-184 [1976]). Accordingly, we discern no grounds upon which to disturb the Board's finding that claimant was entitled to benefits and that wages paid to [*2]her by the school district can be used to establish a future claim for benefits.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The school district did not argue that it had provided claimant with reasonable assurance of continued per diem employment (compare Labor Law § 590 [10]; Matter of Gracy [Commissioner of Labor], 182 AD3d 871, 872-873 [2020]; Matter of Felipe [New York City Sch. Dist.-Commissioner of Labor], 175 AD3d 1698, 1699 [2019]).