■ In the Matter of the Claim of PAUL J. KANELA, Appellant. COMMISSIONER OF LABOR, Respondent. [799 NYS2d 333]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 25, 2004, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

On September 20, 2002, claimant left his job at a gift importing company after one of the employer's principals purportedly advised all employees to collect their paychecks because the business was closing. Claimant did not contact the employer thereafter but filed a claim for unemployment insurance benefits representing that his job had ended due to a lack of work. He was awarded benefits in the amount of $6,885. After extended proceedings, the Unemployment Insurance Appeal

Board, upon reconsideration, adhered to its decision disqualifying claimant from receiving benefits on the basis that he voluntarily left his employment without good cause and charged him with a recoverable overpayment. Claimant appeals.

We affirm. Although claimant testified that he left the employer's premises because the vice-president announced his intention to close the business on September 20, 2002, the employer's president contradicted this testimony. He indicated that claimant was agitated and abruptly left the employer's premises on the date in question after demanding his paycheck. He stated that no one was told to leave the company and that he fully expected claimant to report to work the following Monday, which claimant failed to do. Inasmuch as the Board could choose to credit the testimony of the employer's representative over that of claimant (*see Matter of Kam Wing Tam [Commissioner of Labor]*, 16 AD3d 749, 750 [2005]), substantial evidence supports its finding that claimant voluntarily left his employment without good cause. Given claimant's false statement that he lost his job due to a lack of work, substantial evidence also supports the Board's finding that he is liable for a recoverable overpayment of benefits (*see Labor Law* § 597 [4]).

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.