In the Matter of the Claim of LISA A. SEFTEL, Appellant. COMMISSIONER OF LABOR, Respondent. [819 NYS2d 175]—

Cardona, P.J. Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed October 8, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause, and (2) from a decision of said Board, filed March 4, 2004, which, upon reconsideration, adhered to its prior decision.

Claimant worked for a consulting company as a benefits administrator. Her regular work hours were from 9:00 A.M. to 5:00 P.M. Monday through Friday. In January 2003, she went on maternity leave and was expected to return to work on March 24, 2003. Prior to taking her maternity leave, claimant asked her supervisor if she could work two days from home, including Mondays, to facilitate her child-care needs. Claimant's supervisor agreed to try to accommodate her. However, when claimant's maternity leave ended and it was time for her to return to work, she was advised that she could not work the modified schedule due to an increase in the employer's work load as well as difficulties in connecting a business telephone line to her home. The employer extended claimant's leave to April 14, 2003 and also offered her a part-time schedule at reduced pay. Nevertheless, claimant did not return to work and, in her application for unemployment insurance benefits, stated that she had been fired. Although claimant initially received benefits, the Unemployment Insurance Appeal Board subsequently disqualified her from receiving them because she had voluntarily left her employment without good cause. It also charged her with a recoverable overpayment of benefits and reduced her right to receive future benefits. The Board upheld this decision upon reconsideration, and claimant appeals.

Initially, while claimant takes issue with the admission of certain documentation received into evidence, she has waived

her right to challenge those items not objected to at the hearing (*see e.g. Matter of Liposki [Citifloral, Inc.—Commissioner of Labor]*, 284 AD2d 819, 820 [2001]). As for the remaining items, which consist of e-mail correspondence between claimant and representatives of the employer, the record reveals that claimant's attorney withdrew his objection to at least one of the e-mails and that claimant cured the hearsay concern with the other e-mail by testifying that she authored it. In any event, inasmuch as hearsay evidence is admissible in an unemployment insurance hearing (*see Matter of Fratello [M & R Consumer Goods—Commissioner of Labor]*, 271 AD2d 880, 880 [2000]), and the e-mails were germane to the circumstances surrounding claimant's cessation of employment, we find no error.

Turning to the merits, we note that an employer's failure to accommodate an employee's preference for a particular work schedule that is compatible with the employee's child-care arrangements has been found not to constitute good cause for leaving employment (*see e.g. Matter of Erno [Commissioner of Labor]*, 10 AD3d 838 [2004]; *Matter of Gurtenboim [Commissioner of Labor]*, 306 AD2d 734 [2003]). Inasmuch as it is undisputed that claimant left her job for that reason, substantial evidence supports the Board's decision. Likewise, given that she represented that she was fired when continuing work was available to her, she was properly charged with a recoverable overpayment (*see* Labor Law § 597 [4]; *Matter of Kanela [Commissioner of Labor]*, 21 AD3d 632, 633 [2005]). We have considered claimant's remaining arguments and find them to be unpersuasive.

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.