In the Matter of the Claim of HANY KATTAYA, Appellant. COMMISSIONER OF LABOR, Respondent. [822 NYS2d 319]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 2, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

During claimant's tenure as a security officer at a museum, he worked both the day shift and the night shift, preferring the latter because he received a pay differential and free parking. Due to disciplinary problems, the employer decided to transfer him to the day shift. Claimant refused to accept the transfer and tendered his resignation. Thereafter, he applied for unemployment insurance benefits and the Unemployment In-

surance Appeal Board disqualified him from receiving them on the ground that he voluntarily left his employment without good cause. Claimant now appeals.

We affirm. It is well settled that dissatisfaction with one's work schedule does not constitute good cause for leaving one's employment (*see Matter of Shifreen [Commissioner of Labor]*, 23 AD3d 823, 823-824 [2005]; *Matter of Adorisio [Commissioner of Labor]*, 18 AD3d 942, 942 [2005]). Here, claimant admitted that the reason he left his job was because of his transfer to the day shift. Loss of the pay differential and his parking space, and the additional cost of commuting and childcare expenses associated with working during the day, are not compelling reasons for resigning under the circumstances presented (*see e.g. Matter of Seftel [Commissioner of Labor]*, 31 AD3d 1011, 1012 [2006]). Therefore, we decline to disturb the Board's decision.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.