■ In the Matter of the Claim of CHRISTINE RICCIARDI, Appellant. COMMISSIONER OF LABOR, Respondent. [849 NYS2d 349]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 8, 2006, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a flight attendant for a commercial airline for 15 years. Following the breakup of her marriage in March 2004, she had difficulties maintaining her work schedule due to childcare problems and, as a result, took various types of leave over the ensuing months. In September 2004, she enrolled in a full-time course of study to become a court reporter at a college located a 1½-hour drive from her home and she attended classes from 9:00 A.M. until 2:00 P.M. each week day. In January 2005, claimant tendered a letter resigning from her job effective February 4, 2005. Thereafter, she received unemployment insurance benefits in the amount of $3,696. The Unemployment Insurance Appeal Board, however, subsequently ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause. It also charged her with a recoverable overpayment and imposed a forfeiture penalty on the basis that she made a willful misrepresentation to obtain benefits. Claimant appeals.

We affirm. Neither dissatisfaction with a work schedule nor the desire to pursue an educational course of study has been found to constitute good cause for leaving employment (see Matter of Adorisio [Commissioner of Labor], 18 AD3d 942, 942 [2005]). Claimant initially reported that she resigned from her position to attend classes, and she also indicated at the hearing that she left because the employer would not accommodate her need for a work schedule that alleviated her childcare problems. Inasmuch as neither of these reasons amounted to good cause for claimant to leave her job, substantial evidence supports the Board's finding that she was disqualified from receiving benefits. Moreover, insofar as claimant falsely represented that she left her job due to a lack of work, substantial evidence also

supports the Board's imposition of a recoverable overpayment (*see* Labor Law § 597 [4]; *Matter of Kanela [Commissioner of Labor]*, 21 AD3d 632, 633 [2005]). Accordingly, we find no reason to disturb the Board's decision.

Spain, J.P., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.