■ In the Matter of the Claim of ADALGISA CRUZ, Appellant. COMMISSIONER OF LABOR, Respondent. [864 NYS2d 191]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 14, 2007, which, upon reconsideration, adhered to its prior decision ruling, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a home attendant for a home health care agency for a little over 1½ years. While assigned to care for a client, she administered medication without authorization and failed to report that the client had a bed sore. Upon learning of this from the client's daughter, the employer gave claimant warnings but allowed her to return to the assignment. When she did, claimant discussed these matters with the client's daughter. When the employer learned of this, it reassigned claimant and directed her not to discuss the reasons for her reassignment with the client's daughter. Claimant disregarded the employer's directive and was discharged as a result. She applied for and received unemployment insurance benefits in the amount of $4,740.25. Subsequently, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because her employment was terminated for misconduct. It further charged her with a recoverable overpayment and imposed a forfeiture penalty. The Board adhered to this decision upon reconsideration. Claimant appeals.

We affirm. The failure to comply with an employer's reasonable policies and rules, which adversely affects the employer's interest, has been found to constitute disqualifying misconduct (*see Matter of Ruggiero [Commissioner of Labor]*, 45 AD3d 1161, 1162 [2007]; *Matter of Grant [Commissioner of Labor]*, 32 AD3d 563, 563 [2006]). Here, claimant violated the employer's policy prohibiting home attendants from having contact with former clients once a reassignment has been made, which could have subjected the employer to being cited for municipal rule violations as well as the loss of contracts. Claimant's excuse that she had to get her time sheet signed by the client's daughter, when considered in light of the contradictory testimony of the employer's representative, presented a credibility issue for the Board to resolve (*see Matter of Weiner [Commissioner of Labor]*, 47 AD3d 1040 [2008]; *Matter of Kazaka [Commissioner of Labor]*, 46 AD3d 1071, 1071 [2007]). Furthermore, the Board was warranted in charging claimant with a recoverable overpayment of benefits given her admission that she did not report the true circumstances of her separation from employment when applying for benefits (*see Matter of Ricciardi [Commissioner of Labor]*, 47 AD3d 1039, 1039-1040 [2008]; *Matter of Kanela [Commissioner of Labor]*, 21 AD3d 632, 633 [2005]; *see also* Labor Law § 597 [4]).

Peters, J.P., Carpinello, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.