In the Matter of the Claim of RUTH H. SUTTON, Appellant. ALBANY MEDICAL CENTER, Respondent; COMMISSIONER OF LABOR, Respondent. [923 NYS2d 315]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 13, 2010, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a registered nurse for a hospital for nearly seven years. Following an incident in which the employer suspected claimant of being under the influence of an illegal substance at work, her license was suspended, she entered a treatment program and, when her license was restored, she returned to work. She did so under a last chance agreement which provided, among other things, that she would not dispense controlled medications until authorized by a nurse manager. When claimant became authorized to dispense controlled medications, she was required to do so under a remediation plan, devised by the employer and agreed to by her, specifying the protocol she was to follow, including adhering to the employer's chain of custody for narcotic medication administration. Thereafter, claimant failed on nine occasions to properly

document the dispensing or wasting of controlled medications in accordance with the employer's chain of custody for narcotic medication administration in violation of the remediation plan. When claimant was unable to satisfactorily explain the discrepancies, the employer terminated her employment under the last chance agreement. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that her employment was terminated for misconduct. Claimant now appeals.

We affirm. An employee's violation of an employer's reasonable policy, which has a detrimental effect on the employer's interest, has been found to constitute disqualifying misconduct (*see Matter of Cruz [Commissioner of Labor]*, 54 AD3d 1082, 1083 [2008]; *Matter of Weiner [Commissioner of Labor]*, 47 AD3d 1040 [2008]). Here, there is ample evidence in the record that, on more than one occasion, claimant did not follow the required protocol for the dispensing or wasting of narcotic medications resulting in the employer's inability to account for such medications. These omissions were clearly adverse to the employer's interest. Claimant's explanation for the discrepancies and attempt to downplay the seriousness of her conduct presented a credibility issue for the Board to resolve (*see Matter of Steadman [Commissioner of Labor]*, 55 AD3d 1124, 1125 [2008]; *Matter of Cruz [Commissioner of Labor]*, 54 AD3d at 1083). Therefore, we find no reason to disturb the Board's decision.

Peters, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.