■ In the Matter of the Claim of JENNIFER L. FARNSWORTH, Appellant. ELLIS HOSPITAL, Respondent; COMMISSIONER OF LABOR, Respondent. [968 NYS2d 919]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 29, 2012, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a hospital social worker, was terminated from her employment for taking a computer cord from the workplace without permission so that she could use it on her personal computer at home. The employer indicated that claimant, who admitted owning her own cellular phone, was also discharged for utilizing the employer's company cellular phone for her personal use in violation of the employer's policy, causing the employer to incur additional charges for the excess minutes. Following a hearing, the Administrative Law Judge upheld the initial determination disqualifying claimant from receiving unemployment insurance benefits on the basis that she lost her employment through misconduct. The Unemployment Insurance Appeal Board affirmed, prompting this appeal by claimant.

We affirm. "An employee's apparent dishonesty, including the theft of property, has been held to constitute misconduct disqualifying him or her from receiving unemployment insurance benefits" (*Matter of Dit [Commissioner of Labor]*, 98 AD3d 1183, 1183 [2012] [internal quotation marks and citation omitted]). Here, the record shows that claimant admitted the underlying conduct, and her exculpatory explanations for taking the computer cord and using the work cellular phone for nonbusiness purposes created a credibility issue for the Board to resolve (*see Matter of Sutton [Albany Med. Ctr.—Commissioner of Labor]*, 84 AD3d 1621, 1622 [2011]; *Matter of Steadman [Commissioner of Labor]*, 55 AD3d 1124, 1125 [2008]). Under the circumstances, we conclude that substantial evidence exists in the record supporting the Board's ruling that claimant's employment ended under disqualifying circumstances (*see Matter of Olmstead [Commissioner of Labor]*, 8 AD3d 727, 728 [2004]).

Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.