Matter of Kupiec (Commissioner of Labor) (2021 NY Slip Op 02209)





Matter of Kupiec (Commissioner of Labor)


2021 NY Slip Op 02209


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

531351
[*1]In the Matter of the Claim of Lori B. Kupiec, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 9, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Bond, Schoeneck & King, PLLC, Rochester (Bethany A. Centrone of counsel), for appellant.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



Lynch, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 4, 2019, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, a bank manager, was on disability leave in January 2019 and, following the birth of her child, was on maternity leave until May 23, 2019. Claimant, whose spouse traveled for work, requested to return to work part time or on an alternative work schedule, reporting that she was having difficulty securing child care for her two children. The employer indicated that it could not accommodate that request based upon the need for her position to be full time, and claimant sent an email that she could only return part time. Claimant resigned the last day of her maternity leave citing her inability to find child-care arrangements that were affordable and acceptable to her. Claimant applied for unemployment insurance benefits, and the Unemployment Insurance Appeal Board ultimately determined that claimant left her employment without good cause and that she was disqualified from receiving benefits. Claimant appeals.
"[W]hether a claimant has good cause to leave his or her employment so as to qualify for unemployment insurance benefits is a factual determination to be made by the Board, and its decision will not be disturbed when supported by substantial evidence" (Matter of Thuy Pham [Sperber, Denenberg & Kahan, PC-Commissioner of Labor], 178 AD3d 1227, 1228 [2019] [internal quotation marks and citations omitted]; see Labor Law §§ 593 [1]; 623; Matter of LaRocca [New York City Dept. of Transp.-Roberts], 59 NY2d 683, 685 [1983]). Further, "issues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board" (Matter of Roberson [Commissioner of Labor], 142 AD3d 1259, 1261 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Fisher [Levine], 36 NY2d 146, 150 [1975]).
Claimant testified to the results of her search for child care and her reasons for rejecting each of the available options. Although an inability to secure appropriate child care after sufficient efforts may constitute good cause for leaving employment (see Matter of Cottone [Marino-Palmieri Agency, Inc.-Commissioner of Labor], 109 AD3d 1044, 1045 [2013]), the Board here expressly rejected as unpersuasive claimant's testimony that she could not secure child care, finding that she had "viable and affordable" child-care options that permitted her to return to work but "chose not to do so." The Board found that, given her substantial household income and the many potential arrangements available to her family, claimant had not demonstrated a compelling reason for rejecting all arrangements, and that her personal preferences for rejecting some options did not amount to good cause for resigning (see Matter of Denson [Commissioner of Labor[*2]], 34 AD3d 893, 893-894 [2006]; compare Matter of Cottone [Marino-Palmieri Agency, Inc.-Commissioner of Labor], 109 AD3d at 1045).
The Board also rejected claimant's testimony that she resigned because the hours she was expected to work for the employer had substantially changed. Claimant was hired in 2016 to work 40 hours per week, 8:00 a.m. to 5:00 p.m., Monday through Friday. The employer had permitted her to work the hours that her branch office was open, 8:30 a.m. to 4:30 p.m. Monday through Thursday and until 5:00 p.m. on Fridays, with occasional work before or after those hours, reducing the hours she previously required child care. However, she continued to be paid for a 40-hour week. Thus, substantial evidence supports the Board's finding that the employer's expectation that claimant would return to work 40 hours per week, 8:00 a.m. to 5:00 p.m. Monday through Friday, did not represent a substantial change in her hours and, at most, increased her work hours by 4½ hours per week. Increased child-care expenses due to a work schedule change does not necessarily constitute good cause for resigning (see Matter of Kattaya [Commissioner of Labor], 32 AD3d 1124, 1125 [2006]) and an "employer's failure [or inability] to accommodate an employee's preference for a particular work schedule that is compatible with the employee's child-care arrangements has been found not to constitute good cause for leaving employment" (Matter of Seftel [Commissioner of Labor], 31 AD3d 1011, 1012 [2006]; see Matter of Ricciardi [Commissioner of Labor], 47 AD3d 1039, 1039 [2008]; Matter of Gurtenboim [Commissioner of Labor], 306 AD2d 734, 735 [2003]).
Further, although the employer had indicated to its employees shortly before claimant's maternity leave that it was considering expanding the bank's hours to 6:00 p.m. one weeknight and adding Saturday hours, it had not done so at the time claimant resigned or by the August 2019 hearing. Thus, substantial evidence supports the Board's finding that claimant's resignation based upon this anticipated change was premature (see Matter of Fox [Commissioner of Labor], 16 AD3d 758, 759 [2005]). Accordingly, we discern no basis upon which to disturb the Board's finding that claimant voluntarily left her employment without good cause while continuing work and child care were available, and she was therefore not entitled to unemployment insurance benefits.
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without cost.