■ In the Matter of the Claim of ANTHONY DIMASSIMO, JR., Appellant. EASTMAN KODAK COMPANY, Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [646 NYS2d 731] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 29, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, an electronics technician, was terminated from his position after his supervisor found him sleeping at his work station. The Board denied his application for unemployment insurance benefits on the basis that he was terminated for misconduct. Claimant appeals from this decision arguing, *inter alia*, that his behavior did not amount to misconduct. Based upon our review of the record, we disagree. Claimant admitted that he was sleeping at his work station but maintained that he did so during his lunch hour, not on company time. He acknowledged, however, that he knew his supervisor did not want him to sleep at his work station because of the negative impression it gave to customers who frequented the area. Given claimant's deliberate violation of his supervisor's policy against employees sleeping at their work stations, we find that substantial evidence supports the Board's decision that claimant was fired for misconduct (*see, Matter of Andrews [Hartnett]*, 176 AD2d 429). We have considered claimant's other contentions and find them to be without merit.

Mikoll, J. P., Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.