■ In the Matter of the Claim of OTTO WEISS, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 1005] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed July 8, 1992, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct, and (2) from a decision of said Board, filed March 30, 1993, which denied claimant's application for reopening and reconsideration.

Claimant was employed as a Master Chef and production manager at a wholesale bakery. He was discharged from his position because numerous employees complained of claimant's sexual harassment and abusive behavior. The Board, *inter alia*, disqualified him from receiving unemployment insurance benefits on the basis that he was terminated for misconduct. The Board further denied claimant's request for reopening and reconsideration. Claimant appeals from both of these decisions.

The employer presented numerous witnesses who testified that claimant improperly touched and brushed up against certain female employees who complained to the management. These witnesses also stated that claimant used offensive language and directed racial slurs toward other employees. The employer's general manager stated that she verbally reprimanded claimant for such behavior and issued him two written memos warning him that continued conduct of this type would result in his discharge.

Claimant denied that he ever engaged in sexually offensive or abusive conduct or that he ever received any written warnings for such behavior. Inasmuch as claimant's testimony merely presented a question of credibility for the Board to resolve (*see, Matter of Rios [Pine Hill Trailways—Sweeney]*, 228

AD2d 760), we find that substantial evidence supports the Board's decision that claimant was terminated for misconduct (*see, Matter of Dunleavy [Hartnett]*, 180 AD2d 861). We further find that the Board did not err in denying claimant's request for reopening and reconsideration inasmuch as said request was not timely filed (*see, e.g., Matter of Moricone [New York Hosp. (Cornell Med. Ctr.)—Hudacs]*, 199 AD2d 802).

Cardona, P. J., Mikoll, Mercure, Crew III and White, JJ., concur. Ordered that the decisions are affirmed, without costs.