■ In the Matter of the Claim of PETER W. TISCHMANN, Respondent. ITT SHERATON CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. [682 NYS2d 284] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 3, 1997, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed by the employer corporation in various capacities for almost 20 years. In his last position with the

employer, claimant supervised over 450 employees as the vice-president and managing director of the Sheraton St. Regis Hotel in New York City. He was discharged in March 1992 after two female employees who worked as the employer's Director of Human Resources and Assistant Director of Human Resources, respectively, accused him of sexual harassment. Claimant applied for unemployment insurance benefits and his claim was denied based upon an initial determination that he was terminated due to misconduct. He sought review and a hearing was eventually held before an Administrative Law Judge (hereinafter ALJ). Additionally, claimant commenced an action against the employer in Federal District Court alleging, *inter alia*, that the employer had terminated him without good cause and in bad faith and had breached its agreement to pay him severance benefits. After a hearing, the ALJ overruled the initial determination. The ALJ credited claimant's testimony, rejected as "suspect" the testimony of claimant's accusers regarding his alleged acts of sexual harassment, and concluded that "the evidence fails to establish any sexual harassment on the part of claimant". The employer appealed the ALJ's determination to the Unemployment Insurance Appeal Board.

While the employer's appeal to the Board was pending a jury verdict in favor of claimant was rendered in Federal District Court. However, the verdict was subsequently vacated on procedural grounds by the Federal Magistrate who presided over the trial. After finding that claimant's cause of action must be considered a claim under ERISA, the Magistrate held that claimant had not been entitled to a jury trial, that the standard of proof which should have been applied at trial was whether the employer's decision to terminate claimant was arbitrary or capricious and, further, that claimant's proof did not meet this standard; consequently, a new verdict was entered by the court in favor of the employer (*Tischmann v ITT/Sheraton Corp.*, 1997 WL 195477 [SD NY]). Although the Magistrate ruled in favor of the employer, finding that the employer's decision to terminate claimant was justified, the Magistrate also concluded that claimant had presented sufficient evidence during the course of the trial for a reasonable trier of fact to have found that claimant's termination was "arbitrary or in bad faith" as well as "pretextual" (*Tischmann v ITT/Sheraton Corp.*, supra, at 4). The employer subsequently submitted the District Court's decision to the Board, contending that the Board was bound to adopt its findings pursuant to the doctrine of collateral estoppel. Following its review of the record herein the Board disagreed with the employer, ruling that the evidence before the ALJ failed to support the charge

of sexual harassment and concluded that while claimant's conduct may have been inappropriate at times, it did not constitute disqualifying misconduct within the meaning of the Labor Law.

In our view, substantial evidence supports the Board's decision. The conflict between the testimony of claimant and that of the witnesses presented by the employer constituted issues of credibility for resolution by the Board (*see, Matter of Weiss [Sweeney]*, 232 AD2d 672; *Matter of Mutchler [Hudacs]*, 186 AD2d 970). We also find that the Board was under no obligation to adopt the decision or factual findings of the District Court. Collateral estoppel is applicable only where there has been a full and fair opportunity to litigate identical issues (*see, Matter of Foldes [Sweeney]*, 241 AD2d 742). The issue of claimant's entitlement to unemployment insurance benefits, as governed by applicable provisions of the Labor Law and relevant case law, is indeed distinct from the issue of whether the employer's decision to discharge claimant was arbitrary and capricious under the ERISA standards applied in District Court. Notably, the Commissioner of Labor was not a party to the litigation in District Court.

The employer's remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., White, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, with costs.