■ In the Matter of the Claim of DENISE A. ELLIS, Appellant. COMMISSIONER OF LABOR, Respondent. [695 NYS2d 207] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 14, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant submitted a notice to the employer resigning from her employment effective March 20, 1998. Prior to her resignation claimant had been warned about conducting personal business during working hours. Thereafter, on March 12, 1998, claimant took an unauthorized extended lunch break and the employer sent her home. Claimant was later discharged. Substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant lost her employment under disqualifying circumstances. A claimant's actions in attending to personal business during work hours in violation of the employer's policies can constitute disqualifying misconduct (*see, Matter of Keast [Essex County ARC—Sweeney]*, 224 AD2d 851). Claimant's contrary account of the events surrounding her discharge merely raised a credibility issue for resolution by the Board (*see, Matter of Boyle [Sweeney]*, 247 AD2d 809). Claimant's remaining arguments have been examined and found to be unavailing.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.