■ In the Matter of the Claim of FRANCISCO ADORNO, Appellant. LSG SKY CHEFS, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [706 NYS2d 488] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 19, 1999, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a mechanic after the employer obtained video surveillance of him engaged in suspicious activities during business hours. Specifically, the video footage reveals claimant, on two separate days, loading his car with bags filled with unidentifiable contents over an extended period of time during working hours. Notably, he carefully secreted the bags from public view. Claimant was also observed filling his car with gasoline from a container on three separate occasions over the course of approximately two hours during his shift. Upon reconsideration, the Unemployment Insurance Appeal Board adhered to its prior decision which ruled that claimant was disqualified from receiving benefits on the basis that he lost his employment due to misconduct.

We find that substantial evidence supports the Board's decision. Even assuming that claimant's exculpatory explanations are true, i.e., that the bags contained clothes his co-workers

were donating to his church and the gasoline was his own which he had previously drained in order to repair the car, the video surveillance tape nevertheless reveals that claimant was conducting personal business on company time (*see, Matter of Ellis [Commissioner of Labor]*, 264 AD2d 932). To the extent that claimant asserts that he put the bags and the gasoline in the car during his lunch break, such assertion merely raised an issue of credibility which the Board resolved against him (*see, Matter of Dimassimo [Eastman Kodak Co.—Sweeney]*, 231 AD2d 777). Claimant's remaining arguments have been examined and found to be unpersuasive.

Mercure, J. P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.