■ In the Matter of the Claim of ALBERT J. FERRO, Appellant. COMMISSIONER OF LABOR, Respondent. [725 NYS2d 721] —Appeal from a decision of the Unemployment Insurance Appeal

Board, filed November 10, 2000, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

While training to become a general manager of one of the employer's restaurant franchises, claimant was discharged for violating the employer's policy prohibiting sexual harassment. Upon reconsideration, the Unemployment Insurance Appeal Board adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct. Claimant appeals and we affirm. Substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. It is well settled that offensive behavior in the workplace can constitute disqualifying misconduct (*see, Matter of Krupa [Sweeney]*, 236 AD2d 772; *Matter of Weiss [Sweeney]*, 232 AD2d 672), as can conduct that is detrimental to the employer's interest (*see, Matter of Krupa [Sweeney], supra*). The conduct in question met both these criteria inasmuch as the employer's witness testified that he observed claimant grab a female employee from behind and begin thrusting his hips forward. That claimant offered a different version of the events surrounding his separation from employment presented an issue of credibility for resolution by the Board (*see, Matter of Weiss [Sweeney], supra*).

Cardona, P. J., Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.