■ In the Matter of the Claim of GREGORY A. BACH, Appellant. COMMISSIONER OF LABOR, Respondent. [760 NYS2d 903] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 15, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a delivery driver, was discharged from his employment when, despite previous warnings, he continued to conduct personal errands during the workday, in violation of the

employer's policy. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment under disqualifying circumstances. We affirm.

It is well settled that a claimant's performance of personal business during working hours, in violation of the employer's policies, may constitute disqualifying misconduct (*see Matter of Ellis [Commissioner of Labor]*, 264 AD2d 932 [1999]; *Matter of Limarzi [Sweeney]*, 244 AD2d 750 [1997]). In the instant matter, substantial evidence supports the Board's finding that claimant ran personal errands, including banking, shopping and lawn maintenance, during his assigned work hours and that he was aware that these activities violated the employer's established workplace rules. Claimant's exculpatory assertions presented questions of credibility for resolution by the Board (*see Matter of Adorno [LSG Sky Chefs—Commissioner of Labor]*, 271 AD2d 799, 800 [2000]). The remaining contentions raised in this matter have been examined and found to be without merit.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ. Ordered that the decision is affirmed, without costs.