■ In the Matter of the Claim of GERALDO J. BARCENE, Appellant. COMMISSIONER OF LABOR, Respondent. [774 NYS2d 439]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 11, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

It is well settled that a knowing violation of an employer's established policies can constitute disqualifying misconduct (*see Matter of Graham [Commissioner of Labor]*, 305 AD2d 922 [2003]). In the instant matter, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant accessed nonwork-related Web sites, including dating services and pornographic Web sites, and that he was aware that the employer's policy explicitly prohibited such use of office computers. Claimant's assertion that he did not engage in such conduct presented a credibility issue for the Board to resolve

(*see Matter of Bach [Commissioner of Labor]*, 306 AD2d 736 [2003]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.