■ In the Matter of the Claim of ROLANDO RODRIGUEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [774 NYS2d 456]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 7, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was discharged from his employment as a porter due to disqualifying misconduct. The record establishes that claimant took an unauthorized break despite being on final warning regarding such conduct. It is well settled that failure to adhere to one's scheduled work hours, particularly after prior warnings have been issued, can constitute disqualifying misconduct (*see Matter of Greenberg [Commissioner of Labor]*, 286 AD2d 794, 794 [2001]; *Matter of Foster [Sweeney]*, 244 AD2d 628, 628 [1997]; *see also Matter of Di Maria [Commissioner of Labor]*, 264 AD2d 894 [1999]). Although claimant denied being on break prior to his scheduled time and claimed that his discharge was a retaliatory measure for union complaints that he had filed, the Board was free to resolve any credibility issues in the employer's favor (*see Matter of Ellis [Commissioner of Labor]*, 264 AD2d 932, 932 [1999]; *Matter of Reichert [LOSCO Group—Commissioner of Labor]*, 256 AD2d 709, 710 [1998]).

We also reject claimant's assertion that he was denied due process to present witnesses. The Administrative Law Judge attempted to contact the witnesses that claimant requested, however, when it was determined that they were unavailable, claimant failed to protect his rights by asking for an adjournment or requesting a subpoena (*see Matter of Eckler [Commissioner of Labor]*, 254 AD2d 672, 672-673 [1998]). Under the circumstances presented here, we find no reason to disturb the Board's decision.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.