■ In the Matter of the Claim of CATHERINE M. ALEXANDER, Appellant. CITY UNIVERSITY OF NEW YORK, Respondent; COMMISSIONER OF LABOR, Respondent. [776 NYS2d 142]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 17, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a computer help-desk technician in the college computer center when, despite prior warnings, she continued to do her homework during working hours. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct. Claimant appeals.

Initially, we are unpersuaded by the employer's contention

that procedural errors in appealing the Board's decision warrant dismissal of the appeal. Turning to the merits, a review of the record establishes that there is substantial evidence to support the Board's decision that claimant engaged in disqualifying misconduct. It is well settled that attending to personal business during working hours in violation of an employer's policy can constitute misconduct (*see Matter of Bach [Commissioner of Labor]*, 306 AD2d 736, 737 [2003]; *Matter of Ellis [Commissioner of Labor]*, 264 AD2d 932 [1999]; *Matter of Limarzi [Sweeney]*, 244 AD2d 750, 751 [1997]). Here, the copy of claimant's homework paper discovered in the printing tray of the office printer, indicating the date and time that the document was printed, confirmed that claimant had worked on her homework assignment during working hours. The conflicting testimony as to whether claimant did her homework on her break and whether a prior warning prohibiting attending to personal matters during work hours had been issued presented credibility issues which the Board was free to resolve in the employer's favor (*see Matter of Adorno [LSG Sky Chefs—Commissioner of Labor]*, 271 AD2d 799, 800 [2000]). Claimant's remaining contentions, including that she was improperly denied the right to call a witness and her entitlement to breaks pursuant to federal regulations, have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.