■ In the Matter of the Claim of FRANK G. MANNO, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 140]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 6, 2003, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant, a postal employee, was discharged from his employment due to disqualifying misconduct. It is well settled that violating a known policy of an employer can constitute disqualifying misconduct (*see Matter of Barcene [Commissioner of Labor]*, 6 AD3d 855 [2004]; *Matter of Perry [Commissioner of Labor]*, 283 AD2d 754 [2001]), as can offensive behavior in the workplace (*see Matter of Ferro [Commissioner of Labor]*, 283 AD2d 828 [2001]). Here, the record establishes that claimant showed coworkers what appeared to be a sexually explicit picture on his computer screen. When one coworker attempted to walk away, claimant physically tried to stop her and repeatedly attempted to persuade her to return. Testimony on behalf of the employer established that claimant was specifically informed that inappropriate use of the employer's computer was prohibited. Although claimant denies that he was responsible for the image being on the computer screen and asserts that he was never informed of the employer's policy regarding use of the computer, this presented a credibility issue for the Board to resolve (*see Matter of Barcene [Commissioner of Labor], supra*). Claimant's remaining contentions have been considered and rejected as without merit. Accordingly, we find no reason to disturb the Board's decision.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.