■ In the Matter of the Claim of CARL F. KENDALL, Respondent. DOWLING COLLEGE, Appellant; COMMISSIONER OF LABOR, Respondent. [817 NYS2d 715]—

Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 22, 2004, which, inter alia, ruled that the unemployment insurance benefits paid to claimant were not recoverable.

Claimant was employed as an adjunct professor by the employer for a number of years. At the conclusion of the spring 2004 semester, claimant filed for and received unemployment insurance benefits. In so doing, claimant answered "no" in response to the question, "Are you filing this claim between academic terms or years?" Claimant subsequently was advised that the employer was "definitely thinking" about hiring him for the fall 2004 semester and, ultimately, claimant taught two courses during that semester. An administrative hearing ensued, at the conclusion of which the Administrative Law Judge (hereinafter ALJ) found that claimant received a reasonable assurance of continued employment with regard to the fall 2004 semester (see Labor Law § 590 [10]). The ALJ further concluded that the benefits paid to claimant were recoverable because claimant made a willful misrepresentation on his application for benefits—namely, that he was not filing the subject claim between academic terms. Accordingly, the ALJ held that claimant was ineligible to receive benefits, charged claimant with a recoverable overpayment and assessed claimant a penalty of eight effective days. Upon review, the Unemployment Insurance Appeal Board found that because claimant's course load was cut by one third for the fall 2004 semester, he could not earn at least 90% of what he had earned during the spring 2004 semester and, as such, he had not received a reasonable assurance of continued employment within the meaning of Labor Law § 590 (10). That being the case, the benefits paid to claimant were not recoverable. The Board did agree, however, that claimant made a willful misrepresentation when filing his claim for benefits and modified the penalty imposed by the ALJ to four effective days. This appeal by the employer ensued.

We affirm. "Labor Law § 590 (10) precludes a claimant who is a professional employee of an educational institution from receiving unemployment insurance benefits during the time pe-

riod between two successive academic years [or terms] where the claimant has received 'a reasonable assurance that the claimant will perform[ ] services in such capacity for any such institution or institutions for both of such academic years or such terms' " (*Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor]*, 17 AD3d 762, 763 [2005], quoting Labor Law § 590 [10]). A "reasonable assurance," in turn, "has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (*Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor]*, *supra* at 763). Here, the record reveals that claimant taught three courses during the spring 2004 term and two courses during the fall 2004 semester. Based upon this one-third reduction in claimant's course load, the Board found that claimant could not meet the economic standard of earning in the fall 2004 semester at least 90% of what he earned during the spring 2004 semester. As the Board's findings on this point are supported by the record as a whole, they will not be disturbed (*see id.*). To the extent that the employer argues on appeal that claimant's earnings remained essentially constant during the course of his employment, we need note only that the wage and salary information contained in the employer's appendix was not before the Board and, as such, will not be considered by this Court. The employer's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.