■ In the Matter of the Claim of JOHN PAPAPIETRO, Appellant. COMMISSIONER OF LABOR, Respondent. [823 NYS2d 620]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 2, 2005, which ruled that claimant was ineligible to receive unemployment insurance benefits because he received a reasonable assurance of continued employment.

During the 2004-2005 academic year, claimant worked for the Rochester City School District as a per diem substitute teacher for a total of 109 days and earned $14,740. On June 20, 2005, the district sent claimant a letter assuring him of continued employment as a per diem substitute teacher for the 2005-2006 academic year with expected earnings of not less than 90% of his earnings for the 2004-2005 school year. Claimant nevertheless applied for unemployment insurance benefits and the Unemployment Insurance Appeal Board ruled that he was ineligible to receive them because he had received a reasonable as-

surance of continued employment pursuant to Labor Law § 590 (10). Claimant appeals.

We affirm. A professional employee of an academic institution who receives a reasonable assurance of continued employment is not eligible to receive unemployment insurance benefits between two successive academic years (*see* Labor Law § 590 [10]). "A reasonable assurance . . . has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (*Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor]*, 17 AD3d 762, 763 [2005] [citations omitted]; *see Matter of Kendall [Dowling Coll.—Commissioner of Labor]*, 30 AD3d 863, 864-865 [2006]). Here, the testimony of the district's representative, together with the district's letter, constitute substantial evidence supporting the Board's factual finding that claimant was provided a reasonable assurance of continued employment (*see Matter of Cortorreal [New York City Dept. of Educ.—Commissioner of Labor]*, 32 AD3d 1126 [2006]; *Matter of Makis [Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.—Commissioner of Labor]*, 251 AD2d 928, 929 [1998]; *cf. Matter of Scott [South Colonie Cent. School Dist—Commissioner of Labor]*, 28 AD3d 1027, 1028 [2006]). Claimant's contention that the assurance was not reliable given the district's policy designed to reduce the number of substitute teachers and its incentive to encourage permanent teachers not to use sick leave mirrors that rejected in his previous unemployment insurance appeal involving the 2004-2005 academic year and is similarly unpersuasive (*see Matter of Papapietro [Commissioner of Labor]*, 26 AD3d 577 [2006]). His remaining contentions have been considered and found to lack merit.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.