■ In the Matter of the Claim of IRMA MYFTIU, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 386]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 17, 2006, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a bookkeeper for the employer for a little over two months. She was terminated from her position after she repeatedly violated the employer's policy against using computers to conduct personal business during working hours despite prior warnings. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct, and it adhered to this decision upon reconsideration. Claimant appeals.

We affirm. "It is well settled that a claimant's performance of personal business during working hours, in violation of the employer's policies, may constitute disqualifying misconduct" (*Matter of Bach [Commissioner of Labor]*, 306 AD2d 736, 737 [2003] [citation omitted]; *see Matter of Rivera [Schapiro's Formal Shop—Commissioner of Labor]*, 294 AD2d 635 [2002]). Here, the employer's representative stated that claimant was observed on numerous occasions using the Internet during working hours to peruse Web sites, conduct shopping and complete homework, and that she had been repeatedly warned to discontinue this behavior. Although claimant admitted that she did homework on one occasion, she denied otherwise using the Internet or receiving warnings that it was against the employer's policy. The conflicts in the testimony presented a credibility issue for the Board to resolve (*see Matter of Wells [Commissioner of Labor]*, 29 AD3d 1257, 1258 [2006]). Insofar

as substantial evidence supports the Board's decision, we decline to disturb it.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.