In the Matter of the Claim of JAMES W. STEADMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [865 NYS2d 745]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 9, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a delivery driver for a printing company. He was terminated from his position after he used a company car for personal reasons without obtaining the employer's prior permission. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated for misconduct. Claimant appeals.

We affirm. An employee's failure to follow an employer's reasonable policy, which is detrimental to the employer's interest, has been held to constitute disqualifying misconduct, particularly where the employee received prior warnings (*see Matter of Ruggiero [Commissioner of Labor]*, 45 AD3d 1161, 1162 [2007]; *Matter of Wells [Commissioner of Labor]*, 29 AD3d 1257, 1257 [2006]). Here, the owner of the printing company testified that he maintains a policy prohibiting employees from using

company vehicles for personal use unless they receive prior permission. He further stated that, although claimant was previously warned that violating this policy could result in his termination, claimant nevertheless used a company vehicle on a weekend without prior approval and, in doing so, prevented the owner from using it to make deliveries. Claimant's contrary testimony that he had permission to use the vehicle on the date in question presented a credibility issue for the Board to resolve (*see Matter of Myftiu [Commissioner of Labor]*, 45 AD3d 1148, 1148 [2007]). Inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.

Cardona, P.J., Peters, Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.