■ In the Matter of RAYMOND D. McCOOL, Appellant. COMMISSIONER OF LABOR, Respondent. [875 NYS2d 297]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 17, 2007, which charged claimant with a recoverable overpayment of unemployment insurance benefits.

Claimant was discharged from his position as a truck driver after a criminal background check conducted by the employer revealed two prior felony convictions which had not been disclosed on his employment application. Although he had initially received unemployment insurance benefits, the Unemployment Insurance Appeal Board ultimately determined that claimant lost his employment through misconduct for falsely indicating on the employment application that he had never been convicted of a crime. Claimant did not appeal this decision.

Over a year later, recovery of a $2,554 overpayment was sought on the ground that claimant made false statements at a previous hearing on the matter (*see* Labor Law § 597 [4]). Indeed, at that hearing, claimant denied that he personally checked the "no" box on the application question inquiring about past convictions and could not explain how it was so completed. The Board found that this testimony was factually and willfully false. Substantial evidence supports the Board's assessment of claimant's credibility and thus its finding of a willful misrepresentation sufficient to support the imposition of a recoverable overpayment (*see* Labor Law § 597 [3], [4]; *Matter of Ricciardi [Commissioner of Labor]*, 47 AD3d 1039,1039-1040 [2008]; *Matter of Falco [Sweeney]*, 246 AD2d 711 [1998], *lv denied* 92 NY2d 815 [1998]).

Mercure, J.P., Peters, Lahtinen, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.