█ In the Matter of the Claim of ROLAND JEANTY, Appellant. NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent; COMMISSIONER OF LABOR, Respondent. [885 NYS2d 779]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 2009, which ruled that claimant was ineligible to receive unemployment insurance benefits because he received a reasonable assurance of continued employment.

Claimant was employed as a pier diem substitute teacher by the New York City Department of Education during the 2007-2008 school year, during which he worked 123 days. In June 2008, the Department sent claimant a letter assuring him of continued employment as a per diem substitute teacher during the 2008-2009 school year, with the expectation that there would be as much work as was available during the previous school year under substantially the same terms and conditions. Nevertheless, claimant applied for unemployment insurance benefits and the Unemployment Insurance Appeal Board ruled that he was ineligible to receive them because he had received a reasonable assurance of continued employment from the Department. Claimant appeals.

Labor Law § 590 (10) precludes a claimant who is a professional employee of an educational institution from receiving unemployment insurance benefits between two successive academic years when that claimant has received a reasonable as-

surance of employment for both of such academic years (*see Matter of Papapietro [Commissioner of Labor]*, 34 AD3d 956, 957 [2006]; *Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor]*, 17 AD3d 762, 763 [2005]). Reasonable assurance has been interpreted as a representation by the employer that "substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (*Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor]*, 17 AD3d at 763; *see Matter of Papapietro [Commissioner of Labor]*, 34 AD3d at 957). Here, the testimony of the Department's representative, together with the June 2008 letter, demonstrated that the Department planned to hire claimant for at least as many days in the 2008-2009 school year as it had in the previous year at the same rate of pay and, thus, we find that the Board's determination that claimant was ineligible to receive benefits is supported by substantial evidence (*see Matter of Papapietro [Commissioner of Labor]*, 34 AD3d at 957; *Matter of Cortorreal [New York City Dept. of Educ.—Commissioner of Labor]*, 32 AD3d 1126, 1127 [2006]).

Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.