■ In the Matter of the Claim of KRISTOPHER J. LINCOLN, Respondent. HOLLEY CENTRAL SCHOOL DISTRICT, Appellant; COMMISSIONER OF LABOR, Respondent. [888 NYS2d 650]—

Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 25, 2008, which ruled that claimant was entitled to receive unemployment insurance benefits.

During the 2005-2006 academic year, claimant worked as a substitute teacher for Holley Central School District. The school district alleges that a letter was mailed to claimant in June 2006 advising that he would be retained as a substitute teacher and requesting that he respond. Claimant did not respond. Rather, he asserts that he never received the letter or any other notice to that effect. When claimant applied for unemployment insurance benefits, the Unemployment Insurance Appeal Board ruled that he did not have a reasonable assurance of continued employment following the 2005-2006 academic year and was eligible to receive benefits. The school district appeals.

A professional employed by an educational institution is not eligible to receive unemployment insurance benefits between two successive academic years if "there is a reasonable assurance that the claimant will perform[ ] services in such capacity

for any such institution or institutions for both of such academic years" (Labor Law § 590 [10]; *see Matter of Papapietro [Commissioner of Labor]*, 34 AD3d 956, 957 [2006]). The Board's determination as to whether such reasonable assurance was given will be upheld if supported by substantial evidence in the record (*see Matter of Scott [South Colonie Cent. School Dist.— Commissioner of Labor]*, 28 AD3d 1027, 1028 [2006]). Here, claimant denied receiving the letter from the school district regarding continued employment. Although the school district sent the letter to the residence of claimant's parents, claimant had been living elsewhere for an extended period of time and he denied that his parents ever forwarded the letter to him or notified him of its existence. Nor did the school district register him with the new substitute teacher service for the successive academic year. Under those circumstances, the Board could properly find that claimant had not received reasonable assurance of continued employment from the school district.

While the school district now questions the applicability of Labor Law § 590 (10) because claimant was subsequently employed at another school, it made clear at the hearings in this matter that it only intended to present proof on whether it had provided claimant reasonable assurance of continued work for the 2006-2007 academic year. As the school district's additional arguments were not raised at the administrative hearings and were not addressed by the Board, we decline to consider them (*see Matter of Altman [Commissioner of Labor]*, 3 AD3d 658, 659 [2004]; *Matter of Varrecchia [Wade Rusco, Inc.— Sweeney]*, 234 AD2d 826, 826-827 [1996]).

Spain, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.