In the Matter of the Claim of DIANE ARMELLINO, Appellant. COMMISSIONER OF LABOR, Respondent. [893 NYS2d 338]—

Claimant was employed as an administrative assistant at a fence and ironworks installation company starting in July 2006. On July 25, 2007, despite prior warnings concerning her tardiness and absenteeism, claimant failed to report to work. As a result, claimant's employment was terminated. The Unemployment Insurance Appeal Board ultimately disqualified her from receiving unemployment insurance benefits on the ground that her continued absences constituted misconduct. Claimant now appeals.

Substantial evidence supports the Board's decision finding that claimant was discharged from her employment due to disqualifying misconduct. "It is well settled that continued absenteeism and tardiness despite previous warnings can constitute disqualifying misconduct" (*Matter of Schnabel [Commissioner of Labor]*, 307 AD2d 572, 572 [2003] [citations omitted]). Here, the employer's representatives testified that claimant had been warned several times prior to July 25, 2007 about her poor attendance and punctuality. Claimant, while not contesting that she had been absent from work numerous times, gave conflicting testimony that she had never been warned of the consequences of her continued absences, which created a credibility issue for the Board to resolve (*see Matter of Alexander [City Univ. of N.Y.—Commissioner of Labor]*, 7 AD3d 860, 861 [2004]).

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.