■ In the Matter of the Claim of JERMAINE C. COLEMAN, Appellant. CITY OF NEW YORK, Respondent; COMMISSIONER OF LABOR, Respondent. [899 NYS2d 396]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 28, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a recruitment coordinator at a New York City agency for approximately nine months. While performing his duties, he failed to obtain identification information from prospective job candidates even though he had been instructed to do so. His employment was terminated when it was discovered that, in addition, he had downloaded 846 of the employer's files containing sensitive information from his computer at work onto a personal flash drive. Although claimant initially stated that he was performing his school work while on the job when questioned regarding the use of the flash drive, he later indicated that he downloaded the employer's files to permit him to take work home with his supervisor's permission. In contrast, the supervisor indicated that claimant's repeated requests for permission to bring work home had been denied. The Unemployment Insurance Appeal Board credited the testimony of claimant's supervisor and ruled that he was disqualified from receiving benefits because his employment was terminated due to misconduct. Claimant appeals and we now affirm.

It is well settled that "[c]onduct that is 'detrimental to the employer's interest or in violation of a reasonable work condition' constitutes misconduct and will disqualify an employee from eligibility for unemployment insurance benefits" (*Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d 1171, 1172 [2008], quoting *Matter of De Grego [Levine]*, 39 NY2d 180, 184 [1976]). Here, there was evidence that claimant's actions in downloading 846 of the employer's files containing sensitive information—in violation of the employer's code of conduct and contrary to his supervisor's directives—was both adverse to the employer's interests and a violation of a reasonable work condi-

tion. Claimant's contrary testimony that he had permission to bring work home presented a credibility issue within the Board's exclusive province to resolve (*see Matter of Park [Stanford New York, LLC—Commissioner of Labor]*, 70 AD3d 1097, 1098 [2010]; *Matter of Steadman [Commissioner of Labor]*, 55 AD3d 1124, 1125 [2008]). Inasmuch as the Board's decision is supported by substantial evidence, it must be affirmed (*see Matter of Carter [New York City Dept. of Citywide Admin. Servs.— Commissioner of Labor]*, 65 AD3d 1441, 1441-1442 [2009]; *Matter of Steadman [Commissioner of Labor]*, 55 AD3d at 1124-1125; *Matter of Benbow [Commissioner of Labor]*, 32 AD3d 1094, 1095 [2006]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.