■ In the Matter of the Claim of JULIUS J. SCACCIA, Appellant. COMMISSIONER OF LABOR, Respondent. [927 NYS2d 476]—

Claimant worked as a web development specialist for the employer for 3½ years. He was terminated from his position for violating the employer's Internet usage policy. He applied for and received unemployment insurance benefits in the amount of $6,378.75. Thereafter, however, the Department of Labor issued a notice of determination disqualifying claimant from receiving benefits on the basis that his employment was

terminated due to misconduct. Following a hearing that the employer did not attend, the Administrative Law Judge (hereinafter ALJ) ruled that claimant was, in fact, entitled to receive benefits. After granting the employer's motion to reopen the case, however, the ALJ ruled that claimant was disqualified from receiving benefits because he was terminated for misconduct. The ALJ also charged claimant with a recoverable overpayment of benefits and imposed a forfeiture penalty upon finding that he made a willful misrepresentation to obtain benefits. The Unemployment Insurance Appeal Board affirmed the ALJ's decision, resulting in this appeal.

We affirm. Contrary to claimant's assertion, the employer demonstrated a reasonable excuse for its failure to attend the initial hearing based upon the unavailability of a key witness, which was communicated to the ALJ by letter prior to the hearing, but evidently not received (*see Matter of Green [Village of Hempstead—Commissioner of Labor]*, 80 AD3d 954, 954 [2011]). Therefore, the ALJ did not abuse her discretion in granting the employer's motion to reopen (*see Matter of Monroe [Commissioner of Labor]*, 59 AD3d 836, 837 [2009], *lv dismissed* 13 NY3d 879 [2009]).

Turning to the merits, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. The failure to comply with an employer's reasonable rules and policies, particularly with respect to computer usage, has been held to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (*see Matter of Pesant [Brinkmann Instruments, Inc.—Commissioner of Labor]*, 63 AD3d 1411, 1412 [2009]; *Matter of Oddo [Lee Publs.—Commissioner of Labor]*, 32 AD3d 1061, 1062 [2006]; *see also Matter of Park [Stanford New York, LLC—Commissioner of Labor]*, 70 AD3d 1097, 1097-1098 [2010]; *Matter of Kemp [Commissioner of Labor]*, 10 AD3d 793, 793 [2004]). Here, the employer had received complaints regarding claimant's improper usage of the Internet and reiterated its policy concerning such usage to claimant as well as other employees. When the problem persisted, the employer tracked claimant's Internet usage and confirmed not only the large volume of sites visited during working hours, but also the inappropriate nature of many of these sites. Claimant was terminated as a result. Although he denied engaging in any improper behavior with respect to his use of the computer, this presented a credibility issue for the Board to resolve (*see Matter of Myftiu [Commissioner of Labor]*, 45 AD3d 1148, 1148 [2007]; *Matter of Manno [Commissioner of Labor]*, 8 AD3d 869 [2004]). Moreover, given that claimant falsely repre-

sented when applying for benefits that he was discharged for poor work performance, he was properly found to have made a willful misrepresentation to obtain benefits and charged with a recoverable overpayment (*see* Labor Law § 597 [4]; *Matter of Cummings [Commissioner of Labor]*, 69 AD3d 1088, 1089 [2010]; *Matter of McCool [Commissioner of Labor]*, 60 AD3d 1117, 1118 [2009]). Claimant's remaining contentions have been considered and are lacking in merit.

Mercure, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.