Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 13, 2011, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant was terminated from his position as assistant manager after coworkers reported that he made inappropriate sexual comments. Following a hearing, an Administrative Law Judge upheld the initial determination, finding that claimant’s employment was terminated due to misconduct. The Unemployment Insurance Appeal Board, however, reversed the Administrative Law Judge’s decision and awarded claimant benefits. The employer now appeals.
“[Wlhether a claimant has engaged in disqualifying misconduct is a factual issue for the Board to resolve and its decision will not be disturbed if supported by substantial evidence” (Matter of Rahaman [New York Convention Ctr. Operating Corp.— Commissioner of Labor], 101 AD3d 1206, 1207 [2012]; see Matter of Nunziata [Putnam County Natl. Bank of Carmel— Commissioner of Labor], 295 AD2d 667, 668 [2002]). Here, the Board credited claimant’s denial of making any of the alleged remarks or engaging in the inappropriate behavior ascribed to him, as well as his testimony that, although he previously had been suspended for similar comments, the charges had been deemed unfounded, which was not refuted by any evidence presented by the employer. The conflict in testimony presented a credibility issue for the Board to resolve and it was within the Board’s province to credit claimant over the employer’s witnesses; significantly, the Board was not bound by the Administrative Law Judge’s contrary credibility findings (see Matter of Samuels [Rubin—Commissioner of Labor], 95 AD3d 1566, 1567 [2012]). In reversing the Administrative Law Judge, the Board questioned the motives of one of the employer’s witnesses and the timing of her complaint, found the alleged remarks attributed to claimant—as testified to by the employer’s other witness—to be ambiguous, and chose not to credit those witnesses. Under our limited review of such administrative matters, “this Court may not weigh conflicting evidence or substitute its own judgment,” and “if[J [as here,] the findings turn on the credibility of witnesses, we may not substitute our perceptions for those of the agency” (Matter of Ernst v Saratoga County, 251 *1318 AD2d 866, 867 [1998]). Under these circumstances, substantial evidence supports the Board’s finding and its decision will not be disturbed (see Matter of Tischmann [ITT Sheraton Corp.— Commissioner of Labor], 256 AD2d 949 [1998]), notwithstanding that the record also fully supports a contrary conclusion.
Lahtinen, J.E, Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.