Lahtinen, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 23, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Claimant, a union member, had worked for the employer for many years and was a member of the union’s collective bargaining team involved in contract negotiations with the employer. Following a negotiating session in April 2009 that claimant found frustrating, he, without authorization, called and left messages with numerous stock analysts that included false and misleading information about the employer.* The next day, the employer’s stock traded heavily and declined considerably in value compared to the rest of the market, resulting in a halt in trading of the stock until the employer could issue corrective information, after which the stock regained much of its value. Claimant was fired for violating the employer’s code of conduct.
His union filed an unfair labor practice charge with the National Labor Relations Board (hereinafter NLRB) and he applied for unemployment insurance benefits. While the employer’s appeal of an Administrative Law Judge (hereinafter ALJ) determination finding claimant eligible for benefits was pending before the Unemployment Insurance Appeal Board (hereinafter *1114 Board), an NLRB Administrative Law Judge (hereinafter NLRB ALJ) held that claimant’s conduct was not protected under the National Labor Relations Act since it included knowingly providing false information to stock analysts. In light of the NLRB ALJ’s decision, the Board remitted the unemployment proceeding, after which an ALJ again determined that claimant was eligible for benefits. The employer appealed and the Board reversed, finding that claimant’s termination was based upon disqualifying misconduct. Claimant now appeals.
Claimant’s contention that the Board impermissibly entered into a dispute over which the NLRB has exclusive jurisdiction was waived. Upon remittal by the Board following the NLRB ALJ’s decision, the ALJ’s decision noted that claimant had withdrawn the preemption issue and that issue was not addressed by the Board. The issue having been withdrawn before the ALJ and not asserted before the Board, it is not properly before us (see e.g. Matter of Lincoln [Holley Cent. School Dist.— Commissioner of Labor], 66 AD3d 1259, 1260 [2009]).
Substantial evidence supports the Board’s finding that claimant engaged in disqualifying misconduct. “Whether an employee has lost his or her employment due to misconduct is a factual determination to be made by the Board and its decision will not be disturbed when supported by substantial evidence” (Matter of Johnson [Commissioner of Labor], 83 AD3d 1314, 1314 [2011] [citations omitted]; see Matter of Boulware [Ross], 47 NY2d 928, 929 [1979]; Matter of Alegria [Commissioner of Labor], 107 AD3d 1290, 1291 [2013]). “It is well settled that [c]onduct that is detrimental to the employer’s interest or in violation of a reasonable work condition constitutes misconduct and will disqualify an employee from eligibility for unemployment insurance benefits” (Matter of Coleman [City of New York — Commissioner of Labor], 72 AD3d 1318, 1318 [2010] [internal quotation marks and citations omitted]; accord Matter of De Grego [Levine], 39 NY2d 180, 184 [1976]). The Board did not err in taking into account the factual findings by the NLRB ALJ, which were made in a matter where claimant was represented by counsel and had a full and fair opportunity to litigate the issues (see Matter of Redd [Commissioner of Labor], 98 AD3d 791, 791 [2012], lv denied 20 NY3d 857 [2013]), and the Board “ ‘went on to reach its own conclusion as to whether claimant’s behavior constituted [disqualifying] misconduct under the Labor Law’ ” (id., quoting Matter of Schienberg [Queens Borough Pub. Lib. — Commissioner of Labor], 263 AD2d 693, 694 [1999]). Among other things, there were findings that claimant improperly contacted stock analysts to provide information that he *1115 knew or should have known was false and would have a detrimental impact on the employer’s publicly traded stock. There is ample evidence to support the Board’s determination that claimant’s conduct violated the employer’s code of conduct and was detrimental to the employer. Accordingly, we find no reason to disturb the Board’s decision.
The remaining arguments have been considered and are either unpreserved or without merit.
Rose, J.E, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

 One of his responsibilities was to provide information to stock analysts, but only after consultation with appropriate officials and, obviously, information that was correct and accurate.