Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 2013, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Claimant worked as a maintenance worker at a wholesale club for approximately five years. During this time, a telephone service provider that leased a kiosk inside the club reported that inappropriate websites had been accessed from an iPad that was on display at its kiosk. As a result, an investigation was conducted that included the installation of a video surveillance camera near the kiosk. Footage from the camera depicted claimant’s unauthorized use of an iPad at the kiosk during his overnight shift when he should have been working. Consequently, claimant’s employment was terminated. He was initially denied unemployment insurance benefits, but this determination was overturned by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board, however, reversed and concluded that claimant engaged in disqualifying misconduct. Claimant now appeals.
We affirm. An employee’s failure to comply with the reason *1218 able policies of an employer that, in turn, has a detrimental effect on the employer’s interest has been found to constitute disqualifying misconduct (see Matter of Strang [Memory Gardens, Inc.—Commissioner of Labor], 112 AD3d 1254, 1254 [2013]; Matter of Coleman [City of New York—Commissioner of Labor], 72 AD3d 1318, 1318 [2010]). Here, evidence was presented that claimant engaged in the unauthorized use of the Internet while on company time in violation of the employer’s policies clearly prohibiting such conduct. Moreover, to the extent that such use involved equipment belonging to a vendor to access inappropriate websites, it was clearly detrimental to the employer’s interest. Notably, claimant admitted to using the iPad, but denied accessing inappropriate material and maintained that someone else must have done so. His testimony, however, presented a credibility issue for the Board to resolve (see Matter of Manno [Commissioner of Labor], 8 AD3d 869 [2004]). In sum, given that substantial evidence supports the Board’s decision, we find no reason to disturb it (see Matter of Kemp [Commissioner of Labor], 10 AD3d 793 [2004]; Matter of Barcene [Commissioner of Labor], 6 AD3d 855 [2004]).
Peters, PJ., Lahtinen, Egan Jr., Lynch and Devine, JJ., concur.
Ordered that the decision is affirmed, without costs.