■ In the Matter of the Claim of SANDRA M. BOWMAN, Respondent. CITY OF NIAGARA FALLS, Appellant; COMMISSIONER OF LABOR, Respondent. [1 NYS3d 497]—

McCarthy, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 2013, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant was employed by the City of Niagara Falls from 1986 to 2011. She was terminated after being deemed to have voluntarily resigned from her position in the Community Development Department for allegedly violating the City's local law requiring its employees to be residents. The local law defined residency as "the actual principal place of residence of

an individual, where he or she normally sleeps; normally maintains personal and household effects; the place listed as an address on voter registration; and the place listed as his or her address for driver's license and motor vehicle registration, if any" (Local Law No. 3 [1996] of City of Niagara Falls). Claimant sought unemployment insurance benefits, and separately commenced a CPLR article 78 proceeding in Supreme Court in Niagara County challenging her termination and seeking reinstatement. Supreme Court (Kloch Sr., J.) granted the CPLR article 78 petition, determining that the City acted arbitrarily and capriciously in finding that petitioner did not reside in the City.

Thereafter, an Administrative Law Judge (hereinafter ALJ) concluded that claimant did not voluntarily leave her employment without good cause or commit disqualifying misconduct for purposes of receiving unemployment insurance benefits. The ALJ noted that claimant had provided her driver's license, a lease agreement, a rent check, her vehicle and voter registration, as well as other documentation showing her address to be within the City, and found that she slept at that address. The ALJ expressly credited claimant's testimony over the employer's hearsay evidence and determined that, because "claimant met multiple indicators to establish that her Niagara Falls residence was her actual principal residence under the law, . . . claimant did not violate the law; as established during the [CPLR] [a]rticle 78 proceeding, which resulted in the annulment of the claimant's termination." The Unemployment Insurance Appeal Board affirmed, adopting the ALJ's findings of fact and opinion.

Several days later, the Appellate Division, Fourth Department reversed the Supreme Court judgment granting claimant's CPLR article 78 petition (*Matter of Bowman v City of Niagara Falls*, 107 AD3d 1417 [2013]). The court determined that the evidence that petitioner produced "was not so overwhelming . . . under the extremely deferential standard applied in reviewing administrative determinations" to support granting the petition (*id.* at 1420 [internal quotation marks and citations omitted]). The City now appeals, arguing that the Board's determination lacked a rational basis because it improperly relied upon the subsequently-reversed judgment of Supreme Court in Niagara County. We disagree.

Contrary to the City's argument, the Fourth Department did not hold that the City had established that claimant actually resided and normally slept at a residence outside the City. Rather, that Court concluded that, under the extremely deferential standard that was applicable upon review—whether

the City's initial determination was arbitrary and capricious or an abuse of discretion (*see Matter of Beck-Nichols v Bianco*, 20 NY3d 540, 559 [2013])—it could not conclude that there was *"no rational basis"* for that determination (*Matter of Bowman v City of Niagara Falls*, 107 AD3d at 1418). Moreover, we reject the City's assertion that the Board heavily relied upon the decision of Supreme Court in making its determination; a fair reading of the ALJ's decision demonstrates that the Board made its own factual findings regarding whether claimant violated the residency requirement, and substantial evidence supports the determination that claimant did not engage in disqualifying misconduct or voluntarily separate from her employment (*see Matter of Tischmann [ITT Sheraton Corp.—Commissioner of Labor]*, 256 AD2d 949, 950-951 [1998]; *cf. Matter of Guimarales [New York City Bd. of Educ.—Roberts]*, 68 NY2d 989, 991-992 [1986]; *Matter of Samuels [New York City Tr. Auth.—Commissioner of Labor]*, 118 AD3d 1206, 1206-1207 [2014], *lv denied* 24 NY3d 905 [2014]).

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.